**FILED**
APR - 8 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN BAGWELL )
5219 Shorecrest Drive )
Middleton, WI 53562, )
 )
 )
 )
*Plaintiff* )
 )
 )
v. ) Case: 1:15-cv-00531
 ) Assigned To : Cooper, Christopher R.
 ) Assign. Date : 4/8/2015
U.S. DEPARTMENT OF JUSTICE ) Description: FOIA/Privacy Act (I Deck)
950 Pennsylvania Avenue, N.W. )
Washington, DC 20530-0001, )
 )
 )
*Defendant* )
 )

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Ryan Bagwell, representing himself *pro se*, brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. As grounds therefore, Plaintiff avers the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c).

### PARTIES

3. Plaintiff Ryan Bagwell is an adult individual residing at 5219 Shorecrest Drive, Middleton, WI, 53562. Plaintiff is the operator of the Penn State Sunshine Fund, a limited



liability corporation duly registered in the state of Wisconsin. The Penn State Sunshine Fund seeks to obtain and publish public records pertaining to the government's interaction with, and oversight of, The Pennsylvania State University.

4. Defendant U.S. Department of Justice is an agency of the United States Government with headquarters located at 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001. Defendant has possession, custody and control of the records sought by Plaintiff.

## STATEMENT OF FACTS

5. On April 30, 2014, Plaintiff sent a FOIA request to Executive Office of United States Attorneys ("EOUSA"), a component of Defendant, seeking "access to any and all records of investigations between November 1, 2011 and [April 30, 2014] that pertain to allegations of child sexual abuse that occurred on the campus of The Pennsylvania State University."

6. EOUSA's FOIA/Privacy Act office responded to Plaintiff's request by letter dated June 11, 2014. Therein, it stated Plaintiff sought "records concerning a third party," and, as a result, EOUSA denied Plaintiff access to the requested records pursuant to the Privacy Act, 5 U.S.C. § 552(a), and Exemption 6 and Exemption 7 of the FOIA, 5 U.S.C. § 552(b)(6) and (b)(7).

7. Plaintiff filed an administrative appeal of the denial on June 20, 2014 with Defendant's Office of Information Policy ("OIP").

8. The OIP Appeals Officer reversed EOUSA's denial on August 29, 2014 and remanded the matter to EOUSA with instructions to (1) reopen the matter; (2) search for records responsive to Plaintiff's request, and; (3) send any "releasable" records directly to Plaintiff.

9. After the Appeals Officer's remand letter was issued, EOUSA did not contact Plaintiff regarding its plans for complying with the Appeals Officer's instructions.

10. On November 3, 2014, Plaintiff telephoned the EOUSA's FOIA/Privacy Staff to inquire about the status of his FOIA request. He was instructed to speak with John Boseker, an EOUSA attorney who was processing his request. Attorney Boseker did not answer his telephone, and Plaintiff left a voicemail message asking Attorney Boseker to return his call.

11. Attorney Boseker did not respond to Plaintiff's voicemail message.

12. On November 10, 2014, Plaintiff again sought the status of his FOIA request by telephoning EOUSA. EOUSA again instructed Plaintiff to speak with Attorney Boseker. Attorney Boseker did not answer his telephone, and Plaintiff left a second voicemail message for Attorney Boseker seeking a return call.

13. Attorney Boseker did not respond to Plaintiff's second voicemail message.

14. On November 17, 2014, Plaintiff again sought to ascertain the status of his FOIA request by telephoning EOUSA. Again, he was instructed to speak with Attorney Boseker. Attorney Boseker did not answer his telephone. Plaintiff did not leave a third voicemail message for Attorney Boseker.

15. Instead, Plaintiff re-dialed the EOUSA FOIA/Privacy Act Staff, informed the receptionist that he had attempted to contact Attorney Boseker on two previous occasions, and that Attorney Boseker had failed to respond to Plaintiff's inquiries into the status of his FOIA request.

16. This time, the EOUSA receptionist connected Plaintiff with Donna Preston, EOUSA's FOIA Public Liaison. Ms. Preston informed Plaintiff for the first time that (1)

Plaintiff's remanded request had been assigned new case number 2014-03904; (2) relevant components of EOUSA had gathered and provided responsive records to EOUSA's FOIA/Privacy Act office for review and processing; (3) she had asked the reviewing paralegal to expedite the processing of the responsive records, and; (4) she could not provide an estimated time for a final response.

17. On January 29, 2014, Plaintiff again sought to ascertain the status of his FOIA request. Despite her previous representations to Plaintiff, Ms. Preston stated no responsive records had been received by EOUSA for processing. Ms. Preston told Plaintiff that the FOIA/Privacy Act office had originally instructed the wrong United States Attorney to search for responsive records, and that new instructions to search for responsive records had been sent to the correct United States Attorney[1].

18. Ms. Preston could not provide an estimated date by which EOUSA would provide Plaintiff with a final response.

19. On March 9, 2014, Plaintiff again sought the status of his FOIA request by telephoning Ms. Preston. Ms. Preston did not answer her telephone, and did not return a voicemail message left by Plaintiff.

20. On March 31, 2014, Plaintiff again sought the status of his FOIA request by telephoning Ms. Preston. Ms. Preston did not answer her telephone, and did not return a voicemail message left by Plaintiff.

21. EOUSA has not provided a final response to Plaintiff's FOIA request.

---

[1] Ms. Preston told Plaintiff the FOIA/Privacy Act office originally and erroneously instructed the U.S. Attorney for the Western District of Pennsylvania to search for responsive records. According to Ms. Preston, when the U.S. Attorney for the Western District of Pennsylvania did not find responsive records, the FOIA/Privacy Act office sent instructions to search for responsive records to the U.S. Attorney for the Middle District of Pennsylvania.

22.     EOUSA has not supplied Plaintiff with an estimated date upon which it will provide a final response to Plaintiff's FOIA request.

23.     Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request to Defendant EOUSA.

## COUNT I

### (Violation of FOIA, 5 U.S.C. § 552)

24.     Plaintiff realleges paragraphs 1 through 21 as if fully stated herein.

25.     Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

26.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine if it would comply with Plaintiff's FOIA request within 20 days of the Appeals Officer's remand letter.

27.     Therefore, the deadline for Defendant to provide a final response to Plaintiff's FOIA request was on or about September 18, 2014.

28.     Having failed to issue a compliance decision within the prescribed time limits, Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

29.     Plaintiff is being irreparably harmed by Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and will continued to be irreparably harmed unless Defendant to conform its conduct to the requirements of the law.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. order defendants to disclose the requested records in their entireties and make copies available to plaintiff;

2. provide for expeditious proceedings in this action;

4. grant Plaintiff an award of costs of litigation incurred in this action pursuant to 5 U.S.C. 552(a)(4)(E), and;

5. grant Plaintiff other such relief as the Court deems just and proper.

Respectfully submitted,

Ryan Bagwell
5219 Shorecrest Drive
Middleton, WI 53562
608-466-6195
ryan@ryanbagwell.com

Date: 4/1/15