UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

RYAN BAGWELL                              )
                                          )
                        Plaintiff,        )
                                          )
            v.                            )          Civil Action No. 1:15-cv-00531 (CRC)
                                          )
UNITED STATES DEPARTMENT OF               )
JUSTICE                                   )
                                          )
                        Defendant.        )
_____  )

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the U.S. Department of Justice ("DOJ"), by and through its undersigned

counsel, respectfully submits the following answer to Plaintiff's Complaint filed on April 8,

2015.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by

one or more of the exemptions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## SECOND DEFENSE

Due to the extremely large volume of FOIA and Privacy Act requests received by the

Executive Office of the United States Attorney, a subcomponent of DOJ, requests are placed in

the order in which they were received and processed on a first-come, first served basis.

## THIRD DEFENSE

Defendant Answers specifically the numbered paragraphs of plaintiff's complaint and

without waiving any defenses and/or objections, defendant admits, denies, or otherwise avers as

follows:

## JURISDICTION AND VENUE

1.     Defendant admits that this Court has jurisdiction over this action.

2.     Defendant admits that venue is proper in this judicial district.

## PARTIES

3.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 3.

4.     Admit, DOJ is an agency of the United States Government.  The remainder of this paragraph consists of legal conclusions, to which no answer is required; to the extent a response is required, defendant denies the remaining allegations contained in paragraph 4.

## STATEMENT OF FACTS

5.     Defendant admits the factual allegations contained in paragraph 5, except that the Executive Office for United States Attorneys ("EOUSA") is a subcomponent of DOJ.

6.     Defendant admits the factual allegations contained in paragraph 6, except that the determination was limited to any information sought by plaintiff that related to the third party individual's privacy rights.  Defendant respectfully refers the Court to the letter for a true and accurate statement of its content.

7.     Defendant admits the factual allegations contained in paragraph 7.

8.     Defendant admits that DOJ Office of Information Privacy ("OIP') remanded plaintiff's FOIA request to EOUSA.  Defendant respectfully refers the Court to the letter for a true and accurate statement of its content.

9.     Defendant admits only that EOUSA did not send a written letter to plaintiff after OIP issued its August 29, 2014 appeal determination letter.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10; to the extent a response is required, defendant denies the allegations contained in paragraph 10.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11; to the extent a response is required, defendant denies the allegations contained in paragraph 11.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12; to the extent a response is required, defendant denies the allegations contained in paragraph 12.

13.      Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13; to the extent a response is required, defendant denies the allegations contained in paragraph 13.

14.     Defendant admits only that plaintiff called EOUSA on November 17, 2014 to ascertain the status of his FOIA request.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity as to the remainder of the allegations; to the extent a response is required, defendant denies the allegations contained in paragraph 14.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity as to the remainder of the allegations in paragraph 15; to the extent a response is required, defendant denies the allegations contained in paragraph 15.

16.     Defendant admits only that plaintiff's request was assigned a new number 2014-03904.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity as to the remainder of the allegations in paragraph 16; to the extent a response is required, defendant denies the allegations contained in paragraph 16.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 17.  However, defendant admits that EOUSA had erroneously assigned plaintiff's FOIA request to the wrong United States Attorney's Office to search for responsive records.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 18; to the extent a response is required, defendant denies the allegations contained in paragraph 18.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 19; to the extent a response is required, defendant denies the allegations contained in paragraph 19

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 20; to the extent a response is required, defendant denies the allegations contained in paragraph 20.

21.     Defendant admits the factual allegations contained in paragraph 21.

22.     Defendant admits the factual allegations contained in paragraph 22.  Due to the large volume of FOIA and Privacy Act requests received by this subcomponent,  requests are processed in the order in which  they are received, on a first in, first out basis.

23.     Defendant admits that plaintiff has exhausted his administrative remedies for the FOIA request.

## RESPONSE TO COUNT 1 OF PLAINTIFF'S COMPLAINT

24.     This paragraph consists of plaintiff's intentions to incorporate information contained in paragraph 1 through 21 hereto, to which defendant has fully responded.

25.     This paragraph consists of legal conclusions, not allegations of fact, to which no answer is required; to the extent a response is required, defendant denies the allegations contained in paragraph 25.

26.     This paragraph consists of legal conclusions, not allegations of fact, to which no answer is required; to the extent a response is required, defendant denies the allegations contained in paragraph 26.

27.     Defendant denies the allegations contained in paragraph 27.

28.      This paragraph consists of legal conclusions, not allegations of fact, to which no answer is required; to the extent a response is required, defendant denies the allegations contained in paragraph 28.

29.     This paragraph consists of legal conclusions, not allegations of fact, to which no answer is required; to the extent a response is required, defendant denies the allegations contained in paragraph 29.

## **RESPONSE TO PLAINTIFF'S REQUEST FOR RELIEF**

Subparagraphs 1 through 5 of this Section contain plaintiff's prayer for relief, to which no response is required. To the extent a response is required, defendant denies that the plaintiff is entitled to the requested relief.

WHEREFORE, Defendant denies each and every allegation in the Complaint that has not been previously or otherwise qualified or denied.  Defendant having fully answered, requests that the Court grant a stay to these proceeding to allow defendant sufficient time to fully review and process the records, applying applicable exemptions thereto wherever appropriate.  Defendant further requests the Court grant defendant any other relief deemed just and proper.

Respectfully submitted,

VINCENT H. COHEN, Jr.
ACTING UNITED STATES ATTORNEY
D.C. BAR NUMBER  471489

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division


_____/s/_____
RHONDA L. CAMPBELL, D.C. Bar No. 462402
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2559
Rhonda.campbell@usdoj.gov

Counsel for Defendant United States