**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RYAN BAGWELL**,  )<br>  )<br>        Plaintiff,  )<br>  )<br>    v.    )<br>  )<br>**UNITED STATES DEPARTMENT OF**  )<br>**JUSTICE**  )<br>  )<br>        Defendant.  )<br>  ) | Civil Action No. 1:15-cv-00531 (CRC) |

## MOTION TO COMPEL CREATION OF A VAUGHN INDEX

Plaintiff Ryan Bagwell hereby submits this motion to compel Defendant United States Department of Justice to create an index of withheld records in accordance with *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). In support of this motion, Plaintiff directs the court's attention to the memorandum of points and authorities submitted herewith.

Respectfully submitted,

Ryan Bagwell
22 Cowdrey Lane
Acton, MA 01720
(608) 466-6195
ryan@ryanbagwell.com

Date:  8/13/15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RYAN BAGWELL** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**UNITED STATES DEPARTMENT OF** )<br>**JUSTICE** )<br>)<br>Defendant. )<br>) | Civil Action No. 1:15-cv-00531 (CRC) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS**
**MOTION TO COMPEL CREATION OF A VAUGHN INDEX**

This is an action filed pursuant to the Freedom of Information Act, 5 U.S.C. § 552 *et. seq* ("FOIA"). Plaintiff sent his FOIA request to Executive Office of United States Attorneys ("EOUSA"), a subcomponent of Defendant, on April 30, 2014. EOUSA denied the request, and Plaintiff appealed administratively to Defendant's Office of Information Policy ("OIP"). OIP granted Plaintiff's appeal on August 29, 2014 and remanded the matter to EOUSA to search for the requested records and provide Plaintiff with all non-exempt information. EOUSA did not comply with OIP's instructions, causing Plaintiff to file the instant action against Defendant.

Pursuant to the court's order of June 30, 2015, the parties jointly proposed a briefing schedule, which was filed with the court on July 13, 2015. On July 18, 2015, Plaintiff received EOUSA's response to OIP's instructions to search for the requested records, 323 days after OIP instructed it to search for responsive records (Exhibit A).

In its final response, EOUSA identified 104 pages of records it is withholding in full, citing 5 U.S.C. § 552(b)(3) (relating to records "specifically exempted from disclosure by statute"); 5 U.S.C. § 552(b)(6) ("personnel and medical files … the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"), and 5 U.S.C. § 552(b)(7)(C) ("records or information compiled for law enforcement purposes" whose production could reasonably be expected to constitute an unwarranted invasion of personal privacy"). It further withheld an unknown number of other records it claims are protected by grand jury rules.

In its response to Plaintiff's FOIA request, EOUSA Assistant Director Susan Gerson stated "this office is withholding grand jury material <u>which is retained in the District</u>"  (Exhibit A). Because EOUSA did not obtain the material it claims is protected by grand jury rules, EOUSA did not review those records to determine if they were releasable. While some of the material may indeed be exempt from disclosure, a claim of grand jury secrecy does not obviate the government's obligation to prove the records may be withheld.

When making an exemption claim due to grand-jury secrecy rules, Defendant is required to "show that each identifiable document is wholly exempt from FOIA's inspection requirements." *Hydron Laboratories, Inc. v. Environmental Protection Agency*, 560 F.Supp. 718, 721 (D.R.I.1983); *Exxon Corporation v. Federal Trade Commission*, 663 F.2d 120, 126 (D.C.Cir.1980). It cannot make a blanket claim of exemption as it has done. By refusing to obtain all of the responsive records from the U.S. Attorney and conduct a document-by-document review of the material, Defendant will not be able to meet its obligation to demonstrate that each document is exempt from the FOIA's disclosure requirements.

It is well settled that a plaintiff in a FOIA case is entitled to an index of the documents and portions of documents that have been withheld by the defendant agency. *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). To be adequate under *Vaughn,* an index must describe each document or portion of each document that has been withheld and give a detailed justification of the agency's grounds for nondisclosure, correlating each exemption of the FOIA upon which the agency relies with the record or portion of the record to which the exemption purportedly applies. *Vaughn,* 484 F.2d 820. Moreover, the description of the withheld material must be "sufficiently specific to permit a reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientology v. Bell,* 603 F.2d 945, 949 (D.C. Cir. 1979).

While it is typical for an agency to submit a *Vaughn* index when it files its motion for summary judgment, nothing prevents a court from ordering an agency to produce it prior to the filing of its dispositive motion. Courts have ordered the government to produce a *Vaughn* index by the filing of summary judgment when it may "facilitate a narrowing of the issues and a reduction in the number of documents as to which there is a bona fide dispute;" *Keeper of the Mts. Found. v. United States DOJ*, 2006 U.S. Dist. LEXIS 39915 (S.D. W. Va. June 14, 2006); when it would be unfair to require Plaintiff to prepare a defense in a matter of weeks when the government was permitted months to prepare its case. *Hansen v. United States Dep't of Air Force*, 1991 U.S. Dist. LEXIS 4934 (D.D.C. Apr. 15, 1991). Alternatively, courts have ordered the government to produce a *Vaughn* index with its dispositive motion when "it would be unfair to require Plaintiff to respond 30 days after Defendant provides a Vaughn Index" when

Defendant has had more than a year to respond. *Mullen v. U.S. Army Crim. Investigation Command*, No. 10-262, 2012 U.S. Dist. LEXIS 93977 (E.D. Va. July 6, 2012).

There is no purpose to be served by permitting Defendant to proceed with a claim that an unknown number of records may be withheld when Defendant hasn't even reviewed the material to determine if it is exempt from disclosure. No economy of resources will be achieved by allowing the government to continue delaying its obligation to conduct a document-by-document review of the responsive records. Defendant cannot prevail without actually reviewing the responsive records. Requiring the production of a *Vaughn* index will force Defendant to review the responsive records and provide both the Plaintiff and this Court with an indispensable tool to test basis for the government's exemption claims.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Court order Defendant to provide Plaintiff with an appropriate *Vaughn* index of all responsive records within 10 days of the date of the Court's Order, or, in the alternative, to file a *Vaughn* index with its motion for summary judgment.

    Respectfully submitted,

    Ryan Bagwell
    22 Cowdrey Lane
    Acton, MA 01720
    (608) 466-6195
    ryan@ryanbagwell.com

Date:   8/13/15

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 252-6020   FAX: 252-6047   (www.usdoj.gov/usao)*

EXHIBIT A

July 15, 2015

Ryan Bagwell
5219 Shorecrest Drive
Middleton, Wisconsin 53562

*Received 7/18/15*

    Re: Request Number: FOIA-2014-03904
    Date of Receipt: August 29, 2014
    Subject of Request: Records concerning investigations between November 1, 2011 and today that pertain to allegations of child sexual abuse that occurred on the campus of the Pennsylvania State University.

Dear Mr. Bagwell:

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Office.

    To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ X ] partial [ ] full denial.

    Enclosed please find:

517    page(s) are being released in full (RIF);
1    page(s) are being released in part (RIP);
104    page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

    The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

(B)(3)
(B)(6)
(b)(7)(C)

    [ X ]    In addition, this office is withholding grand jury material which is retained in the District.

[ X ]   A review of the material revealed:

      [ X ]   Our office located records that originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:   Federal Bureau of Investigation

      [ ]   There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

      [ ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

_____

      [ ]   See additional information attached.

This is the final action on this above-numbered request. If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, Washington, DC 20530-0001, or you may submit an appeal through this Office's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal must be received within sixty days from the date of this letter. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

                                                                           Sincerely,

                                                                           Susan B. Gerson
                                                                           Assistant Director

Enclosure(s)