**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RYAN BAGWELL** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**UNITED STATES DEPARTMENT OF** )<br>**JUSTICE** )<br>)<br>Defendant. )<br>) | Civil Action No. 1:15-cv-00531 (CRC) |

**REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL CREATION OF A VAUGHN INDEX**

Plaintiff Ryan Bagwell hereby submits this Reply to Defendant's response to Plaintiff's Motion to Compel Creation of a *Vaughn* Index pursuant to Fed. R. Civ. P. 27(a)(4).

Defendant's subcomponent, Executive Office of United States Attorneys ("EOUSA"), has informed Plaintiff that it will not obtain an unknown number of responsive records from the U.S. Attorney's Office for the Middle District of Pennsylvania ("USAO") for review and potential release (see letter from Susan B. Gerson attached to Plaintiff's motion). EOUSA's refusal to obtain and review all responsive records prompted Plaintiff to ask Defendant's counsel to ensure that all responsive records were obtained and reviewed for potential release, including those that it claims may be withheld pursuant to some sort of grand jury rule (see e-mail exchange between Plaintiff and Defendant counsel, attached hereto as Exhibit 1-A). Defendant's Counsel informed Plaintiff that it would not obtain and review the responsive records that remain in the possession of the USAO. *Id*.

Subsequent to Defendant's refusal, Plaintiff filed the instant motion to compel the

creation of a *Vaughn* index. In response, Defendant for the first time states that it has indeed created a *Vaughn* index, which it will file with its dispositive motion that is currently due on August 28, 2015. However, what Defendant has failed to state is that its prepared *Vaughn* index describes <u>all</u> of the withheld records, particularly those that EOUSA has not obtained and reviewed for potential release. Because EOUSA has not obtained all of the responsive records, it belies basic logic that EOUSA could have created a *Vaughn* index of all of the responsive records. An agency cannot create a *Vaughn* index of records that it has not seen[1].

For the reasons stated in Plaintiff's motion, the creation of a *Vaughn* index that describes <u>all</u> of the responsive records at this stage is warranted and not premature. The cases cited by Plaintiff in his motion support the case for an order to compel a complete *Vaughn* index at this stage. Accordingly, Plaintiff respectfully asks this Court to **GRANT** his motion to compel Defendant to produce a *Vaughn* index that describes <u>all</u> of the withheld records, including those in the possession of the USAO, which EOUSA has not obtained for review and potential release.

Respectfully submitted,

_____
Ryan Bagwell
22 Cowdrey Lane
Acton, MA 01720
(608) 466-6195
ryan@ryanbagwell.com

Date:

---

[1] Plaintiff admits that it is possible a USAO employee created a *Vaughn* index of the records that EOUSA has refused to obtain and review. However, this would be an exception to EOUSA's procedure for responding to FOIA requests, and Defendant has not claimed this is the case.



**EXHIBIT 1-A**

Ryan Bagwell <ryan@ryanbagwell.com>

## Re: Bagwell v. U.S. Dept. of Justice, 1:15-cv-00531-CRC

**Campbell, Rhonda (USADC)** <Rhonda.Campbell@usdoj.gov>   Thu, Jul 23, 2015 at 11:31 AM
To: Ryan Bagwell <ryan@ryanbagwell.com>

Good morning Mr. Bag well:  The District makes the determination about withholdings.  Accordingly, briefing will be required.  Thanks Rhonda Campbell

Sent from my iPhone

On Jul 23, 2015, at 10:41 AM, Ryan Bagwell <ryan@ryanbagwell.com<mailto:ryan@ryanbagwell.com>> wrote:

Dear Ms. Campbell,

I have received EOUSA's final response to my FOIA request (attached). In its response, EOUSA claims that an unknown number of responsive records are exempt from disclosure because they somehow relate to grand jury proceedings. The records have not been transmitted to EOUSA for review, and remain in the possession of the U.S. Attorney for the Middle District of Pennsylvania.

I am frustrated with EOUSA's decision not to review the purported grand jury records. Because it has not received the records, it did not review the records. As a result, the government will rely on some sort of blanket grand jury exemption. This it cannot do. Records are not exempt simply because they have been presented to a grand jury. There must be a "demonstration of a nexus between disclosure and revelation of a protected aspect of the grand jury's investigation." Senate of Puerto Rico v. U.S. Dept. of Justice, 823 F.2d 574 (DC Cir. 1987). Only documents that "would reveal the inner workings of the grand jury, such as witness names, or the substance of testimony or the direction and strategy of the investigation," may be withheld. Washington Post Co. v. U.S. Dept. of Justice, 863 F.2d 96 (D.C. Cir. 1988).

While the government may present arguments of its choosing, there is a substantial likelihood that it will not meet its burden of proving the purported grand-jury records are exempt from disclosure if it pursues some sort of blank exception without reviewing the documents. Instead, the court will likely order EOUSA to obtain and review the documents and produce a Vaughn index of the records. There is no legitimate purpose to pursuing this strategy. Such a tack will only cause further, avoidable delay.

Accordingly, I respectfully request that EOUSA obtain and review the purported grand-jury documents and release any non-exempt material immediately. Please let me know if the government will comply with my request.

Thank you for your time.

Sincerely,

Ryan Bagwell
5219 Shorecrest Drive
Middleton, WI 53562
(608) 466-6195<tel:%28608%29%20466-6195> (v)


<2015.07.15.final-response.pdf>