UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

RYAN BAGWELL                                  )
                                              )
                    Plaintiff,                )
                                              )
          v.                                  )          Civil Action No. 1:15-cv-00531 (CRC)
                                           )
UNITED STATES DEPARTMENT OF                   )
JUSTICE                                       )
                                              )
                    Defendant.                )
_____ )

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7(h), United States Department of Justice ("DOJ"), and its components, the Executive Office of the United States Attorneys ("EOUSA" or "Defendant"), respectfully submit this statement of material facts as to which there is no genuine dispute in this Freedom of Information Act ("FOIA") and Privacy Act ("PA") case.    The attached declarations and Vaughn Index support the following statement:

### FOIA Request Nos. 2014-02572 and 2014-03904.

1. On April 30, 2014, Plaintiff sent a FOIA/PA request to the United States Attorney's Office for the Middle District of Pennsylvania ("USAO-MDPA) FOIA/PA staff seeking "access to any and all records of investigations between November 1, 2011 and (April 30, 2014) that pertain to allegations of child sexual abuse that occurred on the campus of The Pennsylvania State University." (Declaration of Jodi Matuszewski ("Matuszewski Decl.") ¶ 7).

2. On or about December 2014, EOUSA directed USAO-MDPA FOIA/PA staff to search for records responsive to Plaintiff's FOIA/PA request.   (Declaration of Princina Stone ("Stone Decl.") ¶ 7).

# I.    ADEQUACY OF SEARCH

3.   The USAO/MDPA uses a computerized docketing case management system known as CaseView to store and track civil, criminal, and appellate investigations and cases at the USAO/MDPA. When a new file is opened, the docketing staff enters information pertaining to the case or investigation into the CaseView database system and assigns a United States Attorney's Office (USAO) number to the file. This process is used to internally track cases within USAO/MDPA. (Matuszewski Decl. ¶ 10).

4.   In an effort to locate records related to Plaintiff's FOIA/PA request, USAO-MDPA FOIA/PA searched their CaseView database system using the search terms that were provided by Plaintiff in his April 30, 2014 FOIA/PA request. Based upon that search, FOIA/PA staff was unable to locate any records relating to Plaintiff's FOIA/PA request, (Matuszewski Decl. ¶ 11).

5.   On December 22, 2014, USAO-MDPA FOIA/PA staff electronically mailed the First Assistant U.S. Attorney, Criminal Chief and Deputy Criminal Chiefs at USAO-MDPA in an effort to locate responsive records pertaining to Plaintiff's FOIA request, which resulted in the location of 636 pages of responsive records. (Matuszewski Decl. ¶ 12).

6.   In July 2015, USAO-MDPA received an additional 2,702 pages of grand jury materials responsive to Plaintiff's FOIA request, which was withheld in full pursuant to the Federal Rules of Criminal Procedure 6(e)(2)(B). (Stone Decl. ¶¶ 13-14, 22).

7.   A search the USAO/MDPA electronic file database was also searched. This search produced over 570,000 pages totaling 86 GB of records that were received in response to grand jury subpoenas and were withheld in full pursuant to the Federal Rules of Criminal Procedure 6(e)(2)(B). (Matuszewski Decl. ¶ 13; Stone Decl. ¶¶ 13-14, 22).

8.  In accordance with FOIA and the Privacy Act, and in keeping with DOJ regulations, 28 C.F.R. 16.1, *et seq.*, EOUSA FOIA/PA staff processes all requests for records that are maintained by EOUSA in Washington, DC and the 94 USAOs nationwide.  Among other things, EOUSA attorneys and paralegals liaison with other DOJ components regarding FOIA/PA matters, and oversee the processing of requests of EOUSA and/or USAO records, direct USAOs to search for responsive records, and prepare final determinations to release or withhold agency records pursuant to FOIA or PA.  (Stone Decl. ¶ 12; Matuszewski Decl. ¶ 15).

9.  At the conclusion of the search, USAO-MDPA FOIA/PA electronically scanned the records into EOUSA FOIA/PA AccessPro database system for review by EOUSA FOIA/PA staff. (Stone Decl. ¶ 13).

10. All systems of records located within the USAO/MDPA that were likely to contain records responsive to Plaintiff's request have been searched.  The searches were reasonably calculated to likely uncover all relevant records responsive to Plaintiff's request.  (Matuszewski Decl. ¶¶ 15-16).

11. All responsive records related to plaintiff's FOIA/PA request were processed to achieve maximum disclosure consistent with the provisions of FOIA and Attorney General Eric Holder's March 19, 2009 memorandum to federal Executive agencies that provide detailed instructions to federal agencies regarding the application of the FOIA. (Stone Decl. ¶ 11).

12. Upon completion of the review by EOUSA paralegal staff, EOUSA determined that 517 pages would be released in full, 1 page released in part, and 104 withheld in full, with redactions and exemptions applied accordingly.  The determination to withhold information was made pursuant to exemptions 3, 5, 6, 7C, and 7D, 5 U.S.C. §§ 552 (b)(3), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(D). (Stone Decl. ¶ 15).

3

13. The narrative description of the information withheld is detailed in the attached *Vaughn Index* (Exhibit No. 1, attached hereto), which is intended to provide the Court and plaintiff with an understanding of the material sought to be protected. (Stone Decl. ¶ 10).

14. EOUSA has released all reasonably segregable non-exempt information of records responsive to Plaintiff's FOIA requests, and has properly withheld information pursuant to FOIA Exemptions(b)(3), (b)(5), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D). (Stone Decl. ¶ 16).

**<u>Records Withheld under Exemption 3 – Exempted by Other Statute</u>**

15. Plaintiff sought information related to the USAO's investigation into allegations of child sexual abuse that occurred at Penn State University ("Penn State") from November 1, 2011 to April 30, 2014.   Portions of the information that plaintiff sought consists of personally identifiable information that would reveal the identity of minors who were victims or in some way involved in the criminal investigation into child abuse that occurred on the Penn State campus.  (Stone Decl. ¶ 17).

16. Exemption 3 protects information that is specifically exempted from disclosure by statute…provided that such statute (A) requires that the matter be withheld in such a manner as to leave no discretion on…. or (B) establishes particular criteria for withholding or refers to particular types of matter to be withheld.  (Stone Decl. ¶ 18).

17. The Child Victim's and Child Witness Rights Act, 18 U.S.C. § 3509(d), protects from disclosure certain records containing personally identifiable information pertaining to children who were the victim or in some way involved in criminal proceedings.  A "child" is defined in 18 U.S.C. § 3509(a)(2) as "person who is under the age of 18, who is or is alleged to be (A) a victim of a crime of physical abuse, sexual abuse, or exploitation; or (B) a witness to a crime committed against another person." (Stone Decl. ¶ 19).

18. The withheld material falls within the criteria specified in 18 U.S.C. § 3509(d) and is therefore, protected from disclosure under Exemption (b)(3). (Stone Decl. ¶ 20).

19. The Federal Rules of Criminal Procedure, Rule 6(e) prohibits attorneys for the government, and others involved grand jury proceedings, from disclosing information related to the proceedings to the public. (Stone Decl. ¶¶ 21-22).

## <u>Records Withheld under Exemption 5 – Attorney Work Product</u>

20. The attorney-work product privilege of Exemption 5 protects "inter-agency or intra agency memorandum or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The attorney work-product privilege is incorporated into Exemption 5 and serves to protect documents and other memoranda prepared by an attorney in contemplation of litigation. (Stone Decl. ¶ 23).

21. The attorney work-product privilege protects and insulates the attorney's preparation in cases that are likely to lead to litigation. The types of information that has been withheld and is being protected by the privilege include email conversations among Assistant United States Attorneys ("AUSAs"), communications between law enforcement personnel and AUSAs regarding the Penn State investigation that ultimately lead to the prosecution and conviction of Gerald Sandusky, former Penn State Assistant Coach. Information being withheld includes the prosecution team's legal research, legal theories, notes, and other legal documents created in preparation for the criminal prosecution against Mr. Sandusky. (Stone Decl. ¶ 24).

22. In applying Exemption 5, the documents protected have been carefully reviewed by EOUSA paralegal staff and counsel, and determinations were made after extensive discussions with individuals within USAO/MDPA who were directly involved with the criminal prosecution.

Specifically, the documents that are being protected by the attorney-work product privilege are found in V*aughn* Index (Exhibit No. 1).  (Stone Decl. ¶ 25).

### Records Withheld under Exemption 6 and 7(C) – Privacy

23. Exemption 6 protects from disclosure records related to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. To determine whether Exemption 6 would protect the information in question from disclosure, EOUSA must determine whether 1) the information in question is contained personnel and medical files and similar files, and 2) disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy by balancing the public's right to disclosure of the information against the individual's right to privacy.  (Stone Decl. ¶ 26).

24. Similarly, Exemption 7(C) exempts from disclosure "records or information compiled for law enforcement purposes [when disclosure] could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  Law enforcement" within the meaning of FOIA Exemption 7 includes enforcement pursuant to both civil and criminal statutes. *See, e.g.*, *Tax Analysts v. Internal Revenue Service,* 294 F.3d 71, 76-77 (D.C. Cir. 2002). (Stone Decl. ¶ 27).

25. The names and other personally identifiable information related to law enforcement and other government personnel who were responsible for the prosecution or investigation of child abuse that occurred at Penn State are contained in the records that are being withheld.  Additionally, personally identifiable information related to minor victims or children who were in some way involved in the Penn State child abuse investigation or prosecution are contained in the records being withheld.  Disclosing information related to the law enforcement and prosecutorial personnel, and would expose minors to an unwarranted invasion of personal privacy.  Witnesses

interview statements, names, addresses and phone numbers are also being withheld under Exemptions 6 and 7(C).  The privacy interest of the individuals in question outweigh the public interest in the disclosure of the information. (Stone Decl. ¶ 28).

26. The information protected under Exemptions 6 and 7C is included in Vaughn Index (attached as Exhibit No 1).  (Stone Decl. ¶ 29).

### Records Withheld under Exemption 7(D) – Confidential Source

27. Exemption 7(D) provides protection for "records" or information compiled for law enforcement purposes (which) could reasonably be expected to disclose the identity of a confidential source… 5 U.S.C. §552(b)(7)(D). (Stone Decl. ¶ 30).

28. Throughout the criminal proceedings, the parties and Court exercised great care to conceal the identities of the minors, by redacting children and their family members' personally identifiable information and, in some instances, records were sealed.  The provisions of 18 U.S. C. § 3509 expressly require that all information related to children involved in a criminal proceeding remain confidential to protect the privacy and safety of the minors.  Moreover, FRCP, Rule 6 prohibits disclosing information about matters that occurred before the grand jury.  This includes information related to the names of witnesses who appeared or supplied information in conjunction with the grand jury matter.  (Stone Decl. ¶ 31).

29. The information provided by the confidential sources occurred as a result of an expressed or implied promise that their identities would remain confidential.  Disclosing the identity of the confidential sources or any information which would reasonably lead to the disclosure of the identity of the confidential sources would violate the protection afforded by 18 U.S.C. § 3509 and FRCP, Rule 6.  Moreover, disclosure of information leading to the identity of the confidential sources may lead to retaliation against the minors or witnesses by individuals

associated with the perpetrator of the crimes or other persons seeking to cause them harm.

(Stone Decl. ¶ 32).

Date: August 28, 2015                  Respectfully submitted,

                                       VINCENT H. COHEN, Jr.
                                       Acting United States Attorney
                                       D.C. BAR NUMBER 471489

                                       DANIEL F. VAN HORN, D.C. Bar No. 924092
                                       Chief, Civil Division

                                       _____/s/_____   _____
                                       RHONDA L. CAMPBELL, D.C. Bar No. 462402
                                       Assistant United States Attorneys
                                       Civil Division
                                       555 4th Street, N.W. Washington,
                                       D.C. 20530 (202) 252-2559
                                       Rhonda.campbell@usdoj.gov

                                       *Counsel for Defendant United States*