UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN BAGWELL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 1:15-cv-00531-CRC |

## DECLARATION OF PRINCINA STONE

I, Princina Stone, declare as follows:

1. I am currently employed as an Attorney-Advisor with Freedom of Information Act/Privacy Act ("FOIA/PA") staff of the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I have been employed in this capacity for four months. Prior to my current position with EOUSA, I worked as an attorney with the federal government, working with DOJ to defend the government in FOIA and Privacy Act ("PA") cases and provided legal advice to agencies regarding various FOIA and PA requests. As an attorney with EOUSA, I serve as a liaison among other divisions and offices of DOJ in providing advice on responding to requests for access to information located in this and the 93 districts of the United States Attorneys' Offices. Further, I review the adequacy of searches conducted in response to requests and FOIA determinations made by EOUSA staff to ensure that the processing of records and determinations to disclose or withhold responsive

records are made in accordance with FOIA, PA and DOJ regulations at 28 C.F.R. §§ 16.3 *et. seq.* and §§ 16.40 *et seq.* pursuant to 5 U.S.C. § 552 and 5 U.S.C. § 552a.

2. Due to the nature of my responsibilities, I am familiar with the procedures followed by this office in responding to the FOIA request submitted to EOUSA by Plaintiff. Additionally, I have reviewed the Complaint that is the basis of the lawsuit and to which this declaration addresses.

3. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity as an Attorney-Advisor, and upon conclusions and determinations reached and made in accordance therewith.

4. The purpose of this declaration is to provide the Court with information regarding: (1) relevant correspondence related to Plaintiff's April 30, 2014 FOIA request for information, (2) EOUSA's response to Plaintiff's FOIA request, and 2) information supporting the Vaughn Index for documents responsive to Plaintiff's FOIA request, but withheld from disclosure pursuant to FOIA Exemptions 3, 5, 6, 7C, and 7D; 5 U.S.C. §§ 552 (b)(5), (b)(6), (b)(7)(C), and (b)(7)(D), in accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973, *cert denied*, 415 U.S. 977 91974), *on remand* 383 F. Supp. 1049 (D.D.C. 1974), *aff'd* 523 F.2d 1136 (D.C. Cir. 1975).

## I. CORRESPONDENCE

5. Plaintiff sent by email a FOIA request dated April 30, 2014 to EOUSA seeking "access to any and all records of investigation between November 1, 2011 and today [April 30, 2014 – the date of Plaintiff's letter] that pertains to allegations of child sexual abuse that occurred on the campus of The Penn State University." Plaintiff re-sent the email to EOUSA on

June 4, 2014. I respectfully refer the Court to the documents for a true and accurate statement of the FOIA its contents.

6. After an initial review of Plaintiff's FOIA request, on September 11, 2014 EOUSA asked the FOIA personnel located in the United States Attorney's Office for the Western District of Pennsylvania to search for records responsive to Plaintiff's FOIA/PA request.

7. On November 19, 2014 it was determined that USAO/WDPA was the wrong district to perform the search, since the records were most likely located in the United States Attorney's Office for the Middle District of Pennsylvania ("USAO/MDPA"). As a result, on or about December 10, 2014, EOUSA asked USAO/MDPA to search for records responsive to Plaintiff's FOIA request.

8. Upon information and belief, Plaintiff called twice in early 2015 to inquire about the status of his FOIA request and was told by EOUSA FOIA/PA personnel that his request was pending review.

9. On May 18, 2015, EOUSA was notified that Plaintiff had filed this Complaint against DOJ to compel compliance with FOIA.

## II. DESCRIPTION OF DOCUMENTS WITHHELD AND RATIONALE FOR WITHHOLDING DOCUMENTS

10. The narrative description of the information withheld provided in this declaration and the attached *Vaughn Index* are intended to provide the Court and Plaintiff with an understanding of the material sought to be protected.

11. All responsive records related to Plaintiff's FOIA request were processed to achieve maximum disclosure consistent with the provisions of FOIA and Attorney General Eric

Holder's March 19, 2009 Memorandum For Heads of Executive Departments and Agencies that provide detailed instructions regarding the application of FOIA.

12. In accordance with FOIA and the Privacy Act, and in keeping with DOJ regulations, 28 C.F.R. 16.1, *et seq.*, EOUSA FOIA/PA staff processes all requests for records that are maintained by EOUSA in Washington, DC and the other 93 United States Attorney's Offices ('USAO") nationwide. Among other things, EOUSA attorneys and paralegals liaison with other DOJ components regarding FOIA/PA matters, and oversee the processing of requests of EOUSA and/or USAO records, direct USAOs to search for responsive records, and prepare final determinations to release or withhold agency records pursuant to FOIA or PA.

13. In December 2014, USAO/MDPA began to search for and locate records responsive to Plaintiff's FOIA/PA request. At the conclusion of the search, all responsive records were scanned and uploaded into the AccessPro Case Management System for review by EOUSA FOIA/PA staff.[1]

14. USAO/MDPA retained possession of and did not forward over 2700 pages and 86 GB of grand jury material created and compiled as a result of the Penn State child sexual abuse matter, in accordance with Federal Rules of Criminal Procedure 6(e)(2)(B).

15. Upon completion of the review by EOUSA paralegal staff, I reviewed the records and determined that 517 pages would be released in full, 1 page released in part, and 104 pages withheld in full, with redactions and exemptions applied accordingly. The determination to withhold information was made pursuant to exemptions 3, 5, 6, 7C, and 7D, 5 U.S.C. §§ 552 (b)(3), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(D).

---

[1] AccessPro is an automated database system designed to coordinate every aspect of USAOs FOIA and PA requests processing.

16.     EOUSA has released all reasonably segregable non-exempt information of records responsive to Plaintiff's FOIA requests, and has properly withheld information pursuant to FOIA Exemptions(b)(3), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(D).

   a. <u>Records Withheld under Exemption 3 – Exempted by Other Statute</u>

17.     Plaintiff sought information related to the USAO's investigation into allegations of child sexual abuse that occurred at Penn State University from November 1, 2011 to April 30, 2014. Portions of the information that Plaintiff sought consists of personally identifiable information that would reveal the identity of individuals who were minor victims or minors in some connected to child sexual abuse that occurred on the Penn State campus.

18.     Exemption 3 protects information that is specifically exempted from disclosure by statute…provided that such statute (A) requires that the matter be withheld in such a manner as to leave no discretion on…. or (B) establishes particular criteria for withholding or refers to particular types of matter to be withheld.

19.     The Child Victim's and Child Witness Rights Act, 18 U.S.C. § 3509(d), protects from disclosure certain records containing personally identifiable information pertaining to children who were the victim or in some way involved in criminal proceedings.  A "child" is defined in 18 U.S.C. § 3509(a)(2) as "person who is under the age of 18, who is or is alleged to be (A) a victim of a crime of physical abuse, sexual abuse, or exploitation; or (B) a witness to a crime committed against another person."

20.     The information that is being withheld falls within the criteria specified in 18 U.S.C. § 3509(d) and is therefore, protected from disclosure under Exemption (b)(3)(A).

21. Additionally, Fed. R. Crim. Proc. 6(e)(2)(B) prohibits attorneys for the government, and others involved to with the grand jury proceedings, from disclosing information related to the proceedings to the public.

22. Since government attorneys are prohibited from disclosing information related to matters occurring before the grand jury, USAO/MDPA retained over 2700 pages and approximately 86 GB of materials. The withheld information falls within the criteria specified in Fed. R. Crim. Proc. 6(e)(2)(B) and is therefore, protected from disclosure under exemption (b)(3)(A).

b. <u>Records Withheld under Exemption 5 – Attorney Work Product</u>

23. The attorney-work product privilege of Exemption 5 protects "inter-agency or intra agency memorandum or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The attorney work-product privilege is incorporated into Exemption 5 and serves to protect documents and other memoranda prepared by an attorney in contemplation of litigation.

24. The attorney work-product privilege protects and insulates the attorney's preparation in cases that are likely to lead to litigation. The types of information that has been withheld and is being protected by the privilege include email conversations among Assistant United States Attorneys ("AUSAs"), communications between law enforcement personnel, AUSAs, and other members of the government litigation team regarding the Penn State investigation that ultimately lead to the prosecution and conviction of Gerald Sandusky, former Penn State Assistant Coach. Additionally, the government trial team's legal research, legal theories, notes, and other legal documents that created or compiled in preparation for the grand

jury proceedings and criminal prosecution of Mr. Sandusky are being withheld pursuant to Exemption 5.

25. In applying Exemption 5, I note that the documents protected have been carefully reviewed by counsels within USAO/MDPA, EOUSA paralegal staff, and me. Determinations were made after I had extensive discussions with within USAO/MDPA personnel who were either directly involved with the criminal prosecution or had knowledge regarding the records at issue in this case. The documents that are being protected by the attorney-work product privilege are found in the attached *Vaughn* Index.

   c. Records Withheld under Exemption 6 and 7(C) – Privacy

26. Exemption 6 protects from disclosure records related to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. To determine whether Exemption 6 would protect the information in question from disclosure, EOUSA must determine whether 1) the information in question is contained personnel and medical files and similar files, and 2) disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy by balancing the public's right to disclosure of the information against the individual's right to privacy.

27. Similarly, Exemption 7(C) exempts from disclosure "records or information compiled for law enforcement purposes [when disclosure] could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Law enforcement" within the meaning of FOIA Exemption 7 includes enforcement pursuant to both civil and criminal statutes. *See, e.g., Tax Analysts v. Internal Revenue Service*, 294 F.3d 71, 76-77 (D.C. Cir. 2002).

28. Witnesses interview statements, names, addresses, phone numbers and other personally identifiable information related to law enforcement and government personnel who were involved in the prosecution or investigation are being withheld under Exemptions 6 and 7(C). Additionally, personally identifiable information related to individuals who were minor victims or children who were in some way connected to the Penn State child sexual abuse incident are being withheld under Exemptions 6 and 7(C). Disclosing information related to these individuals would expose them to an unwarranted invasion of personal privacy. The privacy interest of the individuals in questions far outweighs the public interest in the disclosure of the information.

29. The information protected under Exemptions 6 and 7C is included in the attached Vaughn Index.

    d. <u>Records Withheld under Exemption 7(D) – Confidential Source</u>

30. Exemption 7(D) provides protection for "records" or information compiled for law enforcement purposes (which) could reasonably be expected to disclose the identity of a confidential source... 5 U.S.C. §552(b)(7)(D).

31. Throughout the criminal proceedings, the parties and Court exercised great care to conceal the identities of the minors, by redacting children and their family members' personally identifiable information and, in some instances, records were sealed. The provisions of 18 U.S. C. § 3509 expressly require that all information related to children who involved in a criminal proceeding remain confidential to protect the privacy and safety of the minors. Moreover, FRCP, Rule 6 prohibits disclosing information about matters that occurred before the grand jury. This includes information related to the names of witnesses who appeared or supplied information in conjunction with the grand jury matter.

32. The information provided by the confidential sources occurred as a result of an expressed or implied promise that their identities would remain confidential. Disclosing the identity of the confidential sources or any information which would reasonably lead to the disclosure of the identity of the confidential sources would violate the protection afforded by 18 U.S.C. § 3509 and Fed. R. Crim. Proc. 6(e)(2)(B). Moreover, disclosing the identity of the confidential sources may lead to retaliation against the minors, family members and witnesses by individuals in some way associated with Mr. Sandusky or other persons seeking to cause them harm.

33. The information protected under Exemption 7D is included in the attached Vaughn Index.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this 28th day of August, 2015.

Princina Stone
Attorney-Advisor
Freedom of Information/Privacy Act Staff
Executive Office for United States Attorneys