# VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No 1:15-cv-00531-CRC*

| GROUP | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| 1 | 1. Personally identifiable information related to individuals who were minor victims or in some way connected with the Penn State child sexual abuse incident.<br><br>2. Grand Jury proceeding records that are contained in the USAO/MDPA files. | (b)(3)<br><br>Exemption (b)(3) incorporates other nondisclosure provisions that are contained in other statutes. Exemption 3 protect from disclosure information prohibited from disclosure by another federal statute provided the statue either (A) requires that the matter be withheld from the public in such a manner as to leave no discretion on the issue; or B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.<br><br>Non-discretionary Statutes:<br><br>1. The Child Victim and Child Witnesses' Rights Statute, 18 U.S.C. § 3509(d), is a statute contemplated by exemption (b)(3) – and requires information related to a child involved in a criminal proceeding to be kept confidentially.<br><br>2. Federal Rules of Criminal Procedure 6(e) – Prohibition Against Disclosure of Records Related to Matters Occurring Before the Grand Jury.<br><br>There is no discretion on the issue. Therefore, the information was withheld in full. |

*Vaughn Index to P.Stone Decl.*

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice,  Civil Action No1:15-cv-00531-CRC*

| GROUP | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| 2 | The documents consists of email conversations among Assistant United States Attorneys ("AUSAs"), communications between law enforcement personnel, members of the government litigation team, law enforcement records and grand jury material. | (b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Exemption (b)(5) protects, among other things, the  legal team's opinions, theories, research and recommendations for action.  Exemption (b)(5) further protects records of law enforcement investigations that are used by the AUSA in preparation of the r litigation.<br><br>Since this material is attorney work product and withheld in full, there is no segregable material. |

*Vaughn Index to P.Stone  Decl.*

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice,  Civil Action No 1:15-cv-00531-CRC*

| GROUP | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| 3 | Information consisted of names, addresses, home and/or cell phone numbers of former child witnesses and victims, family members, law enforcement personnel, government attorneys, and other members of the government litigation team.<br><br>The personally identifiable information appears in attorney notes, draft complaint, articles, and materials used in preparation for and during grand Jury proceedings and trial. | (b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, telephone numbers, home and/or mobile telephone numbers and other personally identifiable information of third parties, witnesses, or government personnel who were either interviewed or provided information to the legal team.  The difference between the two exemptions is that (b)(6) protects information about individuals that may be contained in "personnel and medical files  and similar files" in instances where the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." Exemption (b)(7)(C) protects information that was compiled for law enforcement purposes, and protects personal information when the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy.  The thresholds for both exemptions have been met.<br><br>There is no public interest that outweighs the privacy interest identified here. |

*Vaughn Index to P.Stone  Decl.*

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice,  Civil Action No1:15-cv-00531-CRC*

| GROUP | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| 4 | Information related to the identity of confidential witnesses contained in law enforcement investigation reports, witness interview statements, and materials used in preparation for and during grand jury proceedings and trial. | (b)(7)(D) – Confidential Source<br><br>Exemption (7)(D) – protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information…could reasonably be expected to disclose the identity of a confidential source.<br><br>Information such as the name and address of the confidential source, as well as, information that would tend to reveal the source's identity, such as a telephone number, are protected under exemption 7(D).  The information was withheld in full unless segregable in such a way as to not disclose any information related to the confidential source. |

*Vaughn Index to P.Stone  Decl.*