**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RYan BAGWELL**             ) | |
|                                              ) | |
|       Plaintiff,                    ) | |
|                                              ) | |
|       v.                                ) | Civil Action No. 1:15-cv-00531 (CRC) |
|                                              ) | |
| **UNITED STATES DEPARTMENT OF**  ) | |
| **JUSTICE**                        ) | |
|                                              ) | |
|       Defendant.                 ) | |
|                                              ) | |

**PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS AND
RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 7.1(h) Plaintiff Ryan Bagwell hereby responds to Defendant's Statement of Undisputed Material Facts submitted as part of its Motion for Summary Judgment.

1. Plaintiff admits that that he sent a FOIA request to Defendant on April 30, 2014. Plaintiff's disputes that his request was directed to the United States Attorney's Office for the Middle District of Pennsylvania. Instead, his request was sent by e-mail to Defendant's Executive Office for United States Attorneys ("EOUSA"). Plaintiff refers the Court to his request letter for a full and complete statement of its contents (Exhibit F).

2. Plaintiff is without knowledge to admit or deny.

3. Plaintiff is without knowledge to admit or deny.

4. Plaintiff denies that he provided "search terms" to Defendant. With regard to the remainder of this paragraph, Plaintiff is without knowledge to admit or deny.

5. Plaintiff is without knowledge to admit or deny.

6. Plaintiff is without knowledge to admit or deny.

7. Plaintiff disputes Defendant's contention that the responsive records may be withheld from public access. With regard to the remainder of this paragraph, Plaintiff is without knowledge to admit or deny.

8. Plaintiff is without knowledge to admit or deny.

9. Plaintiff is without knowledge to admit or deny.

10. Plaintiff denies that Defendant has searched all systems of records that were likely to contain responsive records.

11. Plaintiff denies that Defendant processed all responsive records to achieve maximum disclosure.

12. Admitted.

13. Admitted

14. Plaintiff denies that Defendant has released all reasonably segregable, non-exempt information and properly withheld the information pursuant to the claimed exemptions.

15. Plaintiff is without knowledge to admit or deny that portions of the responsive records consist of personally identifiable information that would reveal the identity of minors who were victims or in some way involved in the criminal investigation.

16. Admitted.

17. Admitted.

18. Denied.

19. Admitted to the extent the responsive material would reveal the inner workings and activities of the grand jury. It is denied that Defendant has met its burden of proving Rule 6(e) prohibits Defendant from disclosing the withheld material because Defendant has not reviewed the withheld material for potential release.

20. Admitted.

21. Admitted that the attorney work-product privilege protects and insulates the attorney's preparation in cases that are likely to lead to litigation. It is denied that the withheld information was prepared in anticipation of litigation.

22. Plaintiff is without knowledge to admit or deny.

23. Admitted

24. Admitted.

25. Plaintiff is without knowledge to admit or deny.

26. Plaintiff is without knowledge to admit or deny.

27. Admitted.

28. Plaintiff is without knowledge to admit or deny.

29. Denied.

Respectfully submitted,

Ryan Bagwell
22 Cowdrey Lane
Acton, MA 01720
(608) 466-6195
ryan@ryanbagwell.com