## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **RYAN BAGWELL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 15-0531 (CRC)** |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION
## FOR SUMMARY JUDGMENT

On October 13, 2015, Ryan Bagwell ("Plaintiff") filed his Opposition to Defendant's Motion For Summary Judgment. (ECF No. 13). Specifically, Plaintiff argues, among other things, that Defendant Executive Office for the United States Attorney's Office's ("EOUSA") search was not adequate, and this the Court should order Defendant to conduct supplemental searches. (Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Opp.") p. 6). Plaintiff further argues that Defendant has not met its burden of proof to justify its witholdings. (Pl.'s Opp. pp. 6-16). Plaintiff's arguments lack merit.

## ARGUMENT

### I.   Defendant's Search was Adequate and Reasonable

Plaintiff argues that Defendant's search was not adequate. (Pl.'s Opp. p. 6). Plaintiff is wrong. The search that Defendant conducted in response to Plaintiff's FOIA requests was adequate and reasonable. *Dorsey v. Executive Office for U.S. Attorneys*, -- F. Supp. 2d --, 2013 WL 781773 (D.D.C March 1, 2013) (a search for responsive records in the only office where they were likely to be maintained, is an approach reasonably calculated to locate the records plaintiff seeks). Simply stated, the adequacy of the search is "dependent upon the circumstances

of the case." *Truitt v. Dept. of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). Moreover, agency declarations are accorded a presumption of good faith, which cannot be rebutted by speculative claims about the existence and discoverability of other documents. *SafeCard Services, Inc. v. S.E.C.,* 926 F.2d 1197, 1200 (D.C. Cir. 1991)).

As detailed in Defendant's opening brief, and declarations, Defendant followed a systematic approach to uncovering responsive material to Plaintiff's request as follows:

The Declarations of Princina Stone ("Stone Decl.") and Jodi Matuszewski ("Matuszewski Decl.") (both attached to Defendant's Motion for Summary Judgment (ECF No. 12)) establish that EOUSA and the U.S. Attorney's Office for the Middle District of Pennsylvania ("USAO-MDPA") conducted an adequate and reasonable search in response to Plaintiff's FOIA request. The Stone Declaration declares that all documents potentially responsive to Plaintiff's FOIA request were located in the USAO-MDPA. ( S t o n e Decl. ¶¶ 7 and 13).

As Defendant states in its opening brief, the Matuszewski Decl. clearly demonstrates that USAO-MDPA conducted a search that was reasonably expected to uncover documents responsive to Plaintiff's request. Ms. Matuszewski's Declaration establishes that USAO-MDPA conducted a systematic search of the USAO/MDPA's Case Management System ("Caseview"), electronic file database, and Assistant United States Attorney files, which was a reasonably calculated search in response to Plaintiff's FOIA request. (Stone Decl. ¶ 7; Matuszewski Decl. ¶ 10-13, 15-16).

The Caseview database, which is the U.S. Attorney's Office's computer-based case tracking system was searched using terms provided in Plaintiff's FOIA request. (Matuszewski Decl. ¶¶ 10-11). In addition, after contacting the USAO-MDPA Criminal Division Chief and Deputy Chiefs, who had responsibility for the subject matter in Plaintiff's FOIA request, they

searched their files and provided Ms. Matuszewski responsive documents.  (*Id.* ¶ 12).  Finally, Ms. Matuszewski searched the electronic file base – another database in the USAO/MDPA. (Stone Decl. ¶ 13).

As demonstrated above, and in Defendant's opening brief, the Stone and Matuszewski Declarations establish that Defendant's search was reasonably calculated to uncover all documents responsive to Plaintiff's FOIA request.  *See, e.g.*, *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) ("[T]he agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.").  Accordingly, Defendant's search was adequate and reasonable.  As a result, no genuine issue of material fact remains with respect to Defendant's search and summary judgment should be granted in Defendant's favor.

## II.    EOUSA Properly Applied Privacy Act and FOIA Exemptions

### A.    EOUSA Properly Withheld Material Pursuant to FOIA Exemption 3.

As argued in Defendant's opening brief, Defendant properly withheld Exemption 3 materials under 18 U.S.C. § 3509(d) (Privacy Protections for Child Victims and Child Witnesses) and Federal Rule of Criminal Procedure 6(e)(2) (grand jury material), both are qualifying disclosure-prohibiting statutes.  *Pub. Citizen Health Research Group v. FDA,* 704 F.2d 1280, 1284 (D.C. Cir. 1983).

First, the responsive material relate to a now closed investigation by Federal law enforcement and Pennsylvania Police regarding child abuse that occurred at Pennsylvania State University ("Penn State").  (Stone Decl. ¶ 17).  Under Exemption 3, EOUSA withheld names and identifying information concerning child victims and witnesses, based on 18 U.S.C. § 3509(d), which prohibits disclosure of such information.  (Stone Decl. ¶¶ 18-20).

Under § 3509(d), government employees connected with a criminal case involving a child who is a victim of physical or sexual abuse, child pornography or child prostitution, or involving a child who witnesses a crime against another person, must:

> keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have a reason to know their contents has access; and disclose [such] documents ... or the information in them that concerns a child to persons who, by reason of their participation in the proceeding, have reason to know such information.

18 U.S.C. § 3509(d)(l).   If it becomes necessary in a criminal case to file records disclosing the name or identifying information about a child, those records "shall be filed under seal without necessity of obtaining a court order."   18 U.S.C. § 3509(d)(2).   Any copies of such records entered into the public docket must be redacted. *Id.*   The statute provides for particular and limited disclosure of documents containing child names or other identifying information, to "the defendant, the attorney for the defendant, a multi-disciplinary child abuse team, a guardian ad litem, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child."   18 U.S.C. § 3509(d)(4). Thus, § 3509 is a nondisclosure statute for FOIA purposes in that it is 'the product of congressional appreciation of the dangers inherent in airing particular data' and that it 'incorporates a formula whereby the administrator may determine precisely whether the disclosure in any instance would pose the hazard that Congress foresaw."' *Am. Jewish Cong. v. Kreps,* 574 F.2d 624, 628-29 (D.C. Cir. 1978)); *see also Nat'l Ass 'n of Home Builders v. Norton,* 309 F.3d 26, 37 (D.C. Cir. 2002) ("Indeed, there can be no doubt that the public disclosure in a FOIA case of sealed information about a child victim, would pose the very

dangers that Congress sought to prevent and would frustrate the strict limitations on disclosure established by 18 U.S.C. § 3509(d).").

Second, pursuant to Federal Rule of Criminal Procedure 6(e)(2), a long recognized statute within the meaning of Exemption 3, EOUSA properly withheld information obtained pursuant to a grand jury subpoena. Specifically, EOUSA withheld names of grand jury witnesses and draft indictments that would reveal the strategy and direction of a grand jury investigation. (Stone Decl. ¶¶ 21-22; *see also* Exhibit No. 1, *Vaughn* Index, also attached to Defendant's Motion for Summary Judgment (ECF No. 13)); *see also Fund for Constitutional Gov't v. National Archives & Records Serv.,* 656 F.2d 856, 867 (D.C. Cir. 1981). *See Kishore v. Dep*'t *of Justice,* 575 F. Supp. 2d 243, 255 (D.D.C. 2008) (approving the withholding of "Grand Jury subpoenas, the names ... of individuals subpoenaed to testify ... and information that identifies specific records subpoenaed" (internal quotation marks and brackets omitted)); *Brunetti v. F.B.J,* 357 F. Supp. 2d 97, 105 (D.D.C. 2005) (same).

Plaintiff argues that this material should have been sent to EOUSA for review (Pl.'s Opp. at 6-7); however, because grand jury material is categorically exempt, EOUSA typically and properly informs the USAO Distict to respond with all responsive records except for materials related to the grand jury, which are exempt as a matter of law. Because Defendant properly withheld materials pursuant to Exemption 3 (both grand jury and child victim material), summary judgment should be granted in favor of Defendant.

**B.      EOUSA Properly Withheld Material Pursuant to FOIA Exemption 5.**

FOIA Exemption 5 allows agencies to withhold "inter-agency and intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "[T]he parameters of Exemption 5 are determined by reference to the protections available to litigants in civil discovery; if material is not 'available' in discovery, it may be withheld from FOIA requestors." *Burka v. U.S. Dep't of Health and Human Servs.*, 87 F.3d 508, 516 (D.C. Cir. 1996); *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975). Exemption 5 encompasses the attorney-work-product privilege, the deliberative process privilege, and the attorney-client privilege. *Am. Immigration Council v. Dep't of Homeland Sec.*, 905 F. Supp. 2d 206, 216 (D.D.C. 2012).

The attorney work product doctrine protects information prepared by an attorney, or someone working on behalf of an attorney, in anticipation of litigation, any part of a document prepared in anticipation of litigation, not just the portions concerning opinions, legal theories, and the like, are protected and fall under Exemption 5. *See Hickman v. Taylor,* 329 U.S. 495, 509-10 (1947); *McKinley v. Ed. Of Governors of the Fed. Reserve Sys.,* 647 F.3d 331, 341 (D.C. Cir. 2011).

In this case, and as detailed in Defendant's opening brief, EOUSA properly invoked Exemption 5 to withhold email conversations among Assistant United States Attorneys ("AUSAs"), communications between law enforcement personnel and AUSAs regarding the Penn State investigation that ultimately lead to the prosecution and conviction of Gerald Sandusky, former Penn State Assistant Coach. (Stone Decl. ¶ 24). Information being withheld includes the prosecution team's legal research, legal theories, notes, and other legal documents created in preparation for the criminal prosecution against Mr. Sandusky. Each of

these documents was prepared by an attorney who was acting at the behest of a client (the U.S. Government) or someone acting at the direction of such an attorney involved in the above-described criminal prosecution, in anticipation of litigation, so they constitute attorney work product.  (Stone Decl. ¶ 24; *see also* Exhibit No. 1, Vaughn Index).

The courts have repeatedly upheld the application of the work product doctrine to these and other similar records in FOIA cases.  *See, e.g., Government Accountability Project*, 852 F.Supp.2d at 26 (DOJ properly withheld emails between Criminal Division attorney and her supervisor pursuant to work product doctrine of Exemption 5 because they related to whether DOJ should pursue prosecution of a case). Accordingly, EOUSA has properly invoked the attorney work-product privilege with respect to these documents.

C.     **EOUSA Properly Withheld Material  Under Exemptions 7(C) and 6 - Privacy**

EOUSA is withholding personal information pursuant to Exemptions 7(C), 5 U.S.C, § 552(b)(7)(C), and Exemption 6, 5 U.S.C. § 552(b)(6), because its disclosure would result in an unwarranted invasion of personal privacy.  *Moore v. Bush*, 601 F. Supp. 2d 6, 14 (D.D.C. 2009) (*citing Halpern v. FBI*, 181 F.3d 279, 296-97 (2d Cir. 1999)) ("Generally, government employees and officials, especially law enforcement personnel, have a privacy interest in protecting their identities because disclosure 'could subject them to embarrassment and harassment in the conduct of their official duties and personal affairs.'").

In this case, EOUSA withheld the names and/or identifying information regarding the child victims in the Penn State child abuse investigation, local law enforcement officers, Federal law enforcement agents and support employees, third parties of investigative interest, and third parties who provided information to law enforcement.  (Stone Decl. ¶ 28). Here, the withheld material can "be identified as applying to [a particular] individual,"

*Washington Post Co.,* 456 U.S. at 602, which clearly satisfy the threshold requirement of Exemption 6 as defined by the Supreme Court, and its disclosure would constitute a "clearly unwarranted invasion of personal privacy." *See, e.g., NARA v. Favish,* 541 U.S. 157, 172 (2004); *Department of Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749 (1989) *[Reporters Committee]; Department of the Air Force v. Rose,* 425 U.S. 352, 372 (1976) (The limiting language, "clearly unwarranted invasion of personal privacy," strikes "a proper balance between protection of an individual's right of privacy and preservation of the public's right to government information by excluding those kinds of files the disclosure of which might harm the individual."); *Keys v. U.S. Dept. of Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987), (citing *Pratt*, 673 F.2d at 418) (Notably, when a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies." A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least "a colorable claim" of its rationality.'").

Significantly, it is the "interest of the general public and not that of the private litigant" that matters. *Brown v. FBI*, 658 F.2d 71, 75 (2d Cir.1981). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. Department of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Committee,* 489 U.S. at 773) (internal quotation marks omitted).

Here, and as argued in Defendant's opening brief, there can be no question that viable privacy interests are at stake.  With respect to child victims, release of their identity and information would cause embarrassment, as well as unsolicited and unnecessary attention to the minor.  (Stone Decl. ¶ 31).  Moreover, if law enforcement disclosed

individual names and personal information, such a disclosure would reveal that these people were somehow related to the investigation, which carries an extremely negative connotation.    Disclosure of their identities would subject these individuals to possible harassment or criticism and focus derogatory inferences and suspicion on them.  *Id*.

Similarly, the identification and personal information of third parties who provided information to the Federal and/or local law enforcement must be protected.    Information provided by these types of individuals is one of the most productive investigative tools used by law enforcement agencies.    The largest roadblock on this issue is the fear of these individuals that their identity will be exposed and subjected to harassment, intimidation, threats, and possibly physical harm. (Stone Decl. ¶ 32).    Law enforcement entities must be able to assure these individuals of the strictest confidence.

In addition, names and identifying information such as internal telephone numbers have been withheld.    The same consideration holds true for the identity of the non-federal government employee.    The above demonstrates that substantial privacy interests are at stake here.    *See, e.g., Reporters Committee,* 489 U.S. at 774 (If a document invades a third party's privacy, and does not contain "official information" shedding light on government functions, it may be withheld under Exemption 6.).

Here, plaintiff cannot identify a public interest that would override the privacy interests at stake.    The requestor's personal desire for the information is irrelevant.    *See Favish*, 541 U.S. at 174; *Reporters Comm.*, 489 U.S. at 773.    The fact that he may be seeking the information for a private purpose is not a proper basis for disclosure under FOIA.    *See, e.g., Mendoza*, 465 F. Supp.2d at 12 (DEA properly invoked Exemption 7(C) to protect identities of DEA agents, other

government employees, and local law enforcement personnel participating in prosecution of plaintiff); *Taylor v. U.S. Dep't of Justice*, 268 F. Supp.2d 34, 36 (D.D.C. 2003) (no public interest in disclosure of information to assist plaintiff in challenging conviction; "[t]he courts have consistently refused to recognize any public interest in disclosure of information to assist a convict in challenging his conviction.") (citation and quotation omitted)); *Horowitz v. Peace Corps.*, 428 F.3d 271, 278-79 (D.C. Cir. 2005) (plaintiff's need for records to pursue civil suit irrelevant), *cert. denied,* 547 U.S. 1041 (2006).

Simply put, the proper focus of the balancing process is the nature of the requested documents and their relationship to FOIA's statutory purpose to open agency action to the light of public scrutiny.  Disclosure of the personal information described above would not shed light on the performance of the District's statutory duties.  Therefore,  EOUSA properly withheld the records described above under Exemptions 7(C) and 6.  *See e.g., Schiffer v. FBI,* 78 F.3d 1405, 1410 Cir. 1996); *Computer Professionals  for Social Responsibility v. United States Secret Service,* 72 F.3d 897, 904 (D.C. Cir. 1996); *Bast v. Department of Justice,* 665 F.2d 1251, 1254-55 (D.C. Cir. 1981).

## D.    EOUSA  Properly Invoked FOIA  Exemption 7(D).

FOIA Exemption 7(D) protects from disclosure material compiled for a law enforcement purpose that "could reasonably be expected to disclose the identity of a confidential source, including a state, local or foreign agency or authority of any private institution which furnished information on a confidential basis."  5 U.S.C. § 552(b)(7)(D). Exemption 7(D) has "long been recognized as affording the most comprehensive protections of all of FOIA's law enforcement exceptions."  *Billington v. United States Dep 't of Justice,* 301 F. Supp. 2d 15, 21 (D.D.C. 2004).

Here, EOUSA withheld names, identifying data, and/or information provided by individuals under an implied assurance of confidentiality. (Stone Decl. ¶ 28).   EOUSA withheld information concerning the identities of individuals and material that the individuals provided in connection with the investigation of the Penn State child abuse case for violation of federal criminal laws.   The withheld information included that which was provided with the assurance of confidentiality could be reasonably inferred. (Stone Decl. ¶¶ 30-32).

With respect to the first category of withheld documents (names, identifying data, and/or information provided by individuals under an implied assurance of confidentiality), an assurance of confidentiality should be implied since the individuals were reporting on child (Stone Decl.¶¶ 30-32). It can be implied that these individuals would reasonably fear that disclosure of their identity would place them in danger, because other individuals who had involvement were not necessarily incarcerated, and may lead to retaliation. *Id.* Defendant released as much segregable information as possible without revealing the identity of the individuals interviewed on other documents. (Stone Decl.¶¶ 16, 30-32).

With respect to the fourth category of documents withheld under Exemption 7(D), names, identifying data, and/or information provided by individuals under an express assurance of confidentiality, the documents have designations on them such as "Protect Identity," "Cooperating Witness," or "Cooperating  Source" which indicate an express assurance of confidentiality. (Stone Decl.¶¶ 30-32).   Express promises can be supported by notations made on the face of documents indicating that the information in them is to be kept confidential pursuant to an express promise. *See, e.g. Kishore v. DOJ,* 575

F.Supp.2d 243, 258 (D.D.C. 2008) (agency demonstrated express confidentiality where "PROTECT" was written next to the informant's name on documents). Express promises can be supported by this type of specific agency practice regarding the routine treatment of confidential sources. *See, e.g. Callaway v. US. Dep't of Treasury,* 577 F. Supp. 2d 1, 3 (D.D.C. 2008) (Exemption 7(D) appropriate where declarant with first hand knowledge explained that specific codes on documents were assigned only to those expressly granted an assurance of confidentiality).

EOUSA has demonstrated that release of the redacted information could reasonably be expected to disclose the identity of a confidential source that provided information under an express or implied assurance of confidentiality. *See Campbell v. United States Dep't of Justice,* 164 F.3d 20, 34 (D.C. Cir. 1998); *Fischer v. US. Dep 't of Justice,* 596 F. Supp. 2d 34, 49 (D.D.C. 2009) (implied confidentiality "may be inferred from evidence showing the circumstances surrounding the imparting of the information"); *United States Dep't of Justice v. Landano,* 508 U.S. 165, 179 (1993) ("[G]eneric circumstances" implying confidentiality include "the character of the crime at issue" and the "source's relation to the crime.").

The sources of information in these documents are detailed and singular. The individuals involved would reasonably fear that disclosure of their identity would place them in danger. Moreover, disclosure of the identity of a confidential source has far-reaching, disastrous implications for law enforcement agencies such as a chilling effect on the activities and cooperation of other confidential sources in the future. As demonstrated above,

and in Defendant's opening brief, EOUSA's application of Exemption 7(D) was entirely proper.

### E.   EOUSA Satisfied  Its Segregation Obligations Under the FOIA

The FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b).  Segregability should not be determined based upon an evaluation of whether nonexempt portions of documents would be helpful to the requestor if segregated and released. *See Stolt-Nielsen Transp. Group, Ltd. v. United States*, 534 F.3d 728, 734 (D.C. Cir. 2008) (rejecting agency's assertion that "the redacted documents without names and dates would provide no meaningful information," and declaring that information need not be "helpful to the requestee [to require that the government must disclose it"); *see also Mead Data Content v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 n.55 (D.C. Cir. 1977) (stating that while "information content" is a legitimate consideration, it "does not mean that a court should approve an agency withholding because of the court's low estimate of the value to the requestor of the information withheld").  At the same time, when nonexempt information is "inextricably intertwined with exempt information, reasonable segregation is not possible."  *Mead Data Content*, 566 F.2d at 260.  Moreover, an agency need not produce any material from records where "the excision of exempt information would . . . produce an edited document with little informational value." *Mays v. Drug Enforcement Admin.*, 234 F.3d 1324, 1327 (D.C. Cir. 2000) (citation omitted).

"The work product doctrine . . . does not distinguish between factual and deliberative material."  *Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Justice*, Civ. No. 11-1021 (JEB), slip op. at 13 (D.D.C. June 11, 2014) (quoting *Martin v. Office of Special Counsel*, 819 F.2d 1181, 1185-86 (D.C. Cir. 1987)).  "Any part of [a document] prepared in

anticipation of litigation, not just the portions concerning legal opinions, legal theories, and the like, is protected by the work product doctrine and falls under Exemption 5." *Id.* (quoting *Tax Analysts*, 117 F.3d at 620). "In other words, factual material is itself privileged when it appears within documents that are attorney work product, so if a document is protected as work product, then a segregability analysis is not required. *Citizens*, slip op. at 13 (quoting *Judicial Watch  v. U.S. Dep't of Justice*, 423 F.3d 366, 371 (D.C. Cir. 2005); *Government Accountability Project*, 852 F. Supp. 2d at 27 n.4.

As explained above, EOUSA withholdings are proper under the FOIA.  Accordingly, Defendant has satisfied its segregation obligations under the statute.  As also explained above and in Defendant's opening brief, certain of the other exemptions asserted by EOUSA, such as Exemption 3 preclude the release of any part of the documents that fall with the parameters of Title III.

## CONCLUSION

For the foregoing reasons Defendant respectfully requests that the Court enter judgment in favor of EOUSA, and dismiss Plaintiff's complaint as a matter of law.


Respectfully submitted,


CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
D.C. BAR NUMBER 415793

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division


_____/s/_____
RHONDA L. CAMPBELL, D.C. Bar No. 462402
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2559
Rhonda.campbell@usdoj.gov

*Counsel for United States*

15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **RYAN BAGWELL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 15-0531 (CRC)** |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>ORDER</u>

Upon consideration of Defendant's Motion for Summary Judgment and the entire record in this case, it is hereby

ORDERED that Defendant's summary judgment motion is granted.

UNITED STATES DISTRICT JUDGE