IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RYAN BAGWELL** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**UNITED STATES DEPARTMENT OF** )<br>**JUSTICE** )<br>)<br>Defendant. )<br>) | Civil Action No. 1:15-cv-00531 (CRC) |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Ryan Bagwell hereby files this Reply to Defendant's October 23, 2015 Response to Plaintiff's Motion for Partial Summary Judgment (ECF No. 15). In its response, Defendant mostly repeats the arguments made in its Motion for Summary Judgment (ECF No. 12), and to those repetitive arguments, Plaintiff directs the court to his October 10, 2015 memorandum in opposition to Defendant's motion (ECF No. 13). However, Plaintiff files this brief reply to address a mischaracterization by Defendant and provide further argument regarding its claims of attorney work-product protection.

**ARGUMENT**

**I.   Defendant has failed to prove that the withheld records are protected by grand-jury secrecy rules and the FOIA's Exemption 3.**

Defendant has identified hundreds of thousands of pages of responsive records, but has refused to process them due to its blanket claim of grand jury secrecy. For the reasons stated in Plaintiff's memorandum, merely claiming the records bear a relationship to a grand jury

investigation is not enough to prove that the records are protected by grand jury secrecy rules. Defendant, however, is undeterred, and continues to urge this court to find that records it hasn't even looked at yet deserve grand jury secrecy protection. An agency cannot claim with credibility that records it hasn't reviewed are subject to an exemption under the FOIA.

Notwithstanding, Defendant, in its response, has provided inconsistent descriptions of the purported grand jury material, which the court should find not credible. First, Defendant states it "withheld information obtained pursuant to a grand jury subpoena." (Def. Reply at 5). But in the very next sentence, it claims it only withheld "names of grand jury witnesses and draft indictments." Despite the inconsistency, neither statement is supported by the evidence. Though Defendant points to the Stone Declaration to support its claim, the Stone Declaration does not state that the withheld records contain the names of witnesses and draft indictments.

## II.     Defendant has failed to prove the responsive records are protected by the attorney-work product doctrine and the FOIA's Exemption 5.

Defendant continues to claim that some of the responsive records may be withheld pursuant to the attorney-work product doctrine. The work-product doctrine shields materials "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed.R.Civ.P. 26(b)(3). In addition, the material must contain the attorney's "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *Id*. Not every document prepared by an attorney deserves work-product protection. "[T]he privilege has no applicability to documents prepared by lawyers in the ordinary course of business or for other nonlitigation purposes."" *In re Sealed Case,* 146 F.3d 881, 887 (D.C. Cir. 1998) (quoting *Linde Thomson Langworthy Kohn & Van*

*Dyke, P.C. v. RTC,* 5 F.3d 1508, 1515 (D.C. Cir. 1993)). Thus, to prevail upon its privilege claim, Defendant must demonstrate that (1) the withheld material contains the mental impressions, conclusions, opinions, or legal theories of an attorney, and (2) the material was prepared "in anticipation of litigation" by a party to the matter.

In addition, when an agency makes a work-product claim based on a law enforcement proceeding, only documents prepared before the investigation's closure may be protected. *SafeCard Servs. Inc. v. SEC*, 926 F.2d 1197, 1202-03 (D.C.Cir.1991) (holding that documents prepared "in the course of an <u>active investigation</u>" qualify as attorney-work product). Therefore, Defendant must also demonstrate the withheld records were prepared prior to the investigation's conclusion.

Defendant identifies two groups of allegedly privileged material. It describes the first group as "email conversations among Assistant United States Attorneys ("AUSAs"), communications between law enforcement personnel, AUSAs, and other members of the government litigation team regarding the Penn State investigation that ultimately lead to the prosecution and conviction of Gerald Sandusky, former Penn State Assistant Coach" (Stone Decl. ¶ 24). Defendant fails to recognize that it did not conduct the Penn State investigation and it was not a party to the proceedings that resulted in Sandusky's conviction. Sandusky was investigated, tried and convicted by the Pennsylvania Attorney General, and the government was not a party to the criminal proceedings. Therefore, any of the withheld material was not prepared by an attorney working on behalf of a party to the identified litigation. The work-product privilege does not protect information prepared by an attorney for a matter in which the attorney was not representing his client.

Assuming *arguendo* that Defendant has satisfied its burden of proving the material was prepared in anticipation of litigation to which it was a party, its efforts to prove the remaining elements of the privilege still fall short. Although it states that attorneys were involved in the communications, nothing in the description demonstrates that the <u>all</u> of the withheld material is protected by the work-product doctrine. It only states that the withheld materials "include" privileged documents (Stone Decl. ¶ 24). Defendant cannot withhold material under the guise of privilege that it itself does not believe are privileged.

Similarly, Defendant has failed to prove that all of the material was prepared by an attorney. The Stone Declaration only states that AUSAs were a party to the e-mail exchanges. The mere fact that an attorney was included on an e-mail conversation is not enough to prove that the e-mail is privileged. To prevail, Defendant must show that each privileged e-mail contains or would reveal an attorney's mental impressions, conclusions, opinions, or legal theories.

Finally, Defendant has not shown that the e-mails were exchanged before the conclusion of Sandusky's trial. Only material prepared before the conclusion of the litigation may be protected. Without identifying the date of each e-mail, Defendant cannot demonstrate this temporal requirement.

The second group of records that Defendant contends deserves work-product protection consists of "the government trial team's legal research, legal theories, notes, and other legal documents that (were) created or compiled in preparation for the grand jury proceedings and criminal prosecution of Mr. Sandusky" (Stone Decl. ¶ 24). While material prepared in anticipation of grand jury proceedings may be protected, material prepared for Sandusky's

criminal prosecution cannot be considered work product because Sandusky was not prosecuted by Defendant, and Defendant cannot prove the material was prepared in anticipation of litigation to which it was a party. Furthermore, in describing the withheld material, Defendant simply parrots the language of Rule 26(b)(3). A declaration that is conclusory or merely parrots the statutory standard is insufficient for an agency to meet its burden of proof. *Consumer Fed'n of Am. v. U.S. Dep't of Agric.*, 455 F.3d 283, 287, 372 U.S. App. D.C. 198 (D.C. Cir. 2006).

        Respectfully submitted,

        Ryan Bagwell
        22 Cowdrey Lane
        Acton, MA 01720
        (608) 466-6195
        ryan@ryanbagwell.com

Date:   10/26/15