IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RYAN BAGWELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-0531 (CRC) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S STATUS REPORT AND
MOTION TO CONTINUE PROCEEDINGS**

Defendant, the Department of Justice ("DOJ"), by and through undersigned counsel, pursuant to the Court's December 18, 2015, Order, proposes a continuance, to and through February 29, 2016, in this case to allow the United States Attorney's Office for the Middle District of Pennsylvania ("MDPA") and the Executive Office for the United States Attorneys ("EOUSA") to evaluate the nature and full extent of the universe of documents, the resources available to MDPA and EOUSA, and the costs involved in order to determine if the request is overly burdensome.

In an effort to comply with the Court's Order, the undersigned counsel conferred with MDPA, EOUSA, and the Office of Information Policy ("OIP") to discuss the following issues consistent with the Court's Order. Defendant respectfully reports as follows:

1. **MDPA's Limited Resources**

MDPA is a medium size U.S. Attorney's Office. MDPA does not have any staff fully devoted to FOIA responses. In MDPA there is one civil AUSA and one civil legal assistant with collateral duties that include working with EOUSA to respond to FOIA requests. The typical FOIA request to the USAO/MDPA normally comes from a criminal defendant looking for

specific information related to that defendant/requester's criminal prosecution.

Given the nature of this FOIA request and the nature of information, it appears that the potentially responsive email and records will need to be reviewed by a criminal AUSA. MDPA only has 20 criminal AUSAs all carrying active criminal caseloads and trial calendars. Finally, MDPA notes that the AUSA most familiar with the information sought in this FOIA request retired in October 2015.

2. **Email Searches**

After several telephonic conversations with the relevant components, MDPA conducted supplemental searches for material responsive to Plaintiff's FOIA request using expanded and more precise search terms. Specifically, MDPA searched electronic mail ("email") accounts of seven (7) MDPA employees who were identified as having information potentially responsive to Plaintiff's FOIA request. After searching the email accounts, MDPA found approximately 23,000 pages of records that do not include any attachments associated with the pages of email. MDPA needs to first review the information for responsiveness and once that process is completed, upload the information into the AccessPro database for EOUSA to review and process. Given MDPA's limited resources, the initial responsiveness review will take conservatively at least six months to undertake.

3. **Grand Jury Material**

MDPA consulted with its Criminal Division to determine what material would be protected from disclosure pursuant to FOIA Exemption (b)(3). In order to comply with the Court's order, MDPA's Criminal Division must conduct a page-by-page review the records related to the grand jury proceeding to determine whether disclosure of the material would reveal the strategy and direction of the grand jury investigation. Current estimates are that MDPA would need to review more than 273,000 pages of records. Further, MDPA would need to

process the pages to identify any exemptions that may apply, and segregating out information that may be disclosed. This is a herculean task and will take an estimate of at least six months to categorize the information and provide a Supplemental Vaughn Index with enough specificity needed for this Court to make a determination.

**4. Search and Duplication Fees**

Under DOJ's regulations the requester is responsible for all search and duplication fees and other direct costs to produce records.

**5. Evaluation of Request As Overly Burdensome**

Due to the large volume of potentially responsive records and the limited resources available to MDPA and EOUSA, Defendant submits that the request is potentially overly broad and overly burdensome. Defendant respectfully requests that the Court issue a continuance in the proceedings to allow the agency additional time to assess its capability to process and review all the records.

Defendant further respectfully requests this Court allow the parties to defer providing a dispositive motion briefing schedule until after the agency has assessed the extent of the work and the capability of MDPA and EOUSA and allow Plaintiff an opportunity to review the agency's assessment and potentially resolve this matter short of further litigation.

Defendant proposes to advise this Court of the state of the agency's assessment of the material in a Status Report to be filed no later than February 29, 2016.

Dated: January 29, 2016                    Respectfully submitted,

CHANNING D. PHILLIPS
D.C. Bar No. 415793
United States Attorney

DANIEL F. VAN HORN
D.C. Bar No. 924092
Chief, Civil Division


　　　　　　/s/
RHONDA L. CAMPBELL,
D.C. Bar No. 462402
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, D.C. 20530
(202) 252-2559
Rhonda.campbell@usdoj.gov


*Counsel for the United States*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **RYAN BAGWELL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. 15-0531 (CRC) |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### [PROPOSED] ORDER ON DEFENDANT'S STATUS REPORT AND MOTION TO CONTINUE THE PROCEEDINGS

AND NOW, this _____ day of _____, 2016, upon consideration of the Defendant's Status Report and Motion to Continue Proceedings, it is hereby

ORDERED that Defendant shall file a Status Report no later than February 29, 2016, advising the Court of the Defendant's assessment of its capability to process and review the records.

IT IS SO ORDERED.

_____
United States District Judge