UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN BAGWELL                       )
                                   )
         Plaintiff,                )
vs.                                )   Civil Action No. 15-0531 (CRC)
                                   )
U.S. DEPARTMENT OF JUSTICE,        )
                                   )
         Defendant.                )

## JOINT STATUS REPORT

The parties, by and through their undersigned counsel, pursuant to the Court's March 3, 2016, Order, respectfully submit its Status Report as follows:

## PLAINTIFF'S STATEMENT

### I. Fees

In its March 3, 2016 order, the Court directed Defendant to begin processing Plaintiff's FOIA request "upon the payment of applicable processing and duplication fees" unless Defendant filed a burdensomeness objection by March 30, 2016. Defendant did not file a burdensomeness objection, and is therefore required to process the request unless it can demonstrate that fees are both applicable and unpaid.

No fees are applicable at this time. Defendant's Executive Office of United States Attorneys ("EOUSA"), the office responsible for processing Plaintiff's FOIA request, has not informed Plaintiff of the need to remit any fees before Defendant will begin its work. Although

Defendant informed the Court in its February 29, 2016 status report that it intends to

charge Plaintiff fees, EOUSA has not notified Plaintiff in accordance with agency regulations. See, e.g., 28 C.F.R. §16.10(e). Defendant cannot charge Plaintiff fees until he is adequately notified. Therefore, it is Plaintiff's position that Defendant must begin processing the remainder of this request immediately.

In addition, no fees can be assessed to produce the vast majority of the responsive records because the FOIA only permits Defendant to charge Plaintiff for the cost of searching for and duplicating responsive records. Defendant has identified more than 200,000 pages of records it claims are protected by grand jury secrecy rules. Because they have already been located, a search for those records is not required, and Defendant may not charge Plaintiff additional fees or further delay processing of those records.

Notwithstanding, Plaintiff is entitled to a waiver of all fees because disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the government's investigation of the Penn State child sexual abuse scandal. Plaintiff requested a fee waiver from EOUSA, which was required to respond on March 29, 2016. No response has been received, and Plaintiff's fee-waiver request is deemed denied. Plaintiff plans to file an administrative appeal in short order and will probably seek further relief from this Court in early May.

## II. Motion for Reconsideration

On March 8, 2016, Plaintiff filed a Motion for Reconsideration regarding the Court's partial grant of Defendant's Motion for Summary Judgment. Plaintiff seeks reconsideration so he may be permitted a reasonable opportunity to respond to Defendant's supplemental Vaughn index, which was filed only one day before the Court's order. Plaintiff's motion is still pending before this Court.

**DEFENDANT'S STATEMENT**

1.      We are in the process of scanning and bates stamping all of the documents we have so that we can do a Vaughn index going forward. Completing this portion of our work is dependent on the availability of support staff in our Harrisburg office; with our trial schedule and staff shortage, it is my estimate that this will take 4-6 additional weeks to complete. This does not include emails, which requires IT staff involvement, many of whom are working on the upcoming trials. The emails are being recovered and bates stamped with the expectation that they will be on a similar time frame to the paper documents.

2.      Once the records are scanned and bates stamped, we will review everything for grand jury. We have identified the source for our documents, which should allow us to identify what is grand jury material. As an aside, we have received no cooperation to date from our state counterparts; we will continue our efforts to obtain a response.

3.      Once the above is done, we should be able to start on the process of loading into Relativity.

4.      We hope to be able to commence rolling monthly releases in a couple of months, depending on how this process goes and how much time EOUSA will need to do its review.

5.      EOUSA sent plaintiff via FEDEX a fee demand letter on March 18, 2016. Plaintiff has not paid the fees.

Dated: March 31, 2016                     Respectfully submitted,

                                          CHANNING D. PHILLIPS, D.C. Bar# 415793
                                          United States Attorney

                                          DANIEL F. VAN HORN, D.C. Bar # 924092
                                          Chief, Civil Division


                                                    /s/
Ryan Bagwell                         By:  RHONDA L. CAMPBELL, D.C. Bar # 402462
5219 Shorecrest Drive                     Assistant United States Attorney
Middleton, WI 53562                       Civil Division
608-466-6195                              555 4th Street, NW
ryan@ryanbagwell.com                      Washington, DC 20530
*Pro Se*                                  202-252-2559
                                          Rhonda.campbell@usdoj.gov

                                          *Counsel for Defendant*