## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RYAN BAGWELL**,<br><br>        Plaintiff,<br><br>        v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE**,<br><br>        Defendant. | Case No. 15-cv-00531 (CRC) |

### ORDER

Plaintiff Ryan Bagwell has moved for reconsideration of the Court's March 3, 2016 Order granting in part the Department of Justice's ("DOJ") motion for summary judgment in this FOIA case. In that order, the Court concluded, because of the supplemental Vaughn Index submitted on February 29, 2016 and the original affidavits, that DOJ had adequately justified its withholding of the 104 previously withheld pages of documents as to which the Court reserved judgment in its December 18, 2015 Memorandum Opinion. See Order, March 3, 2016, ECF No. 21 (citing Bagwell v. U.S. Dep't of Justice, No. 15-CV-00531 (CRC), 2015 WL 9272836, at *1 (D.D.C. Dec. 18, 2015)). The Court also explained that DOJ had released all reasonably segregable material in those documents.

In his motion for reconsideration, Bagwell seeks the opportunity to argue that DOJ's supplemental Vaughn index "demonstrates [that] the claimed exemptions do not apply to the records [and that] the documents contain segregable information that should be released." Pl.'s Mot. Reconsideration 6. Bagwell contends that, "because the Court ruled on the records in three days, [he] did not have an opportunity to respond to the Vaughn index." Id. He continues:

> [T]he Court, during its January 29, 2016 telephone conference with the parties, stated it would not rule on the release of the 104 pages of records without providing an opportunity for both sides to present additional evidence and argument. Plaintiff

> respectfully requests that the Court adhere to its originally stated intention of allowing both sides to brief the Court.  Such an action seems prudent in light of the Court's order for Defendant to submit a second Motion for Summary Judgment by March 30th.

Id.  This depiction is not quite accurate, however.  During the January 29 telephonic conference Bagwell references, the Court asked DOJ to "prepare a [supplemental] Vaughn Index for those hundred documents," and—implying that further briefing may be unnecessary—stated that it would "decide whether to brief those exemptions at that point."  Prelim. Tr. 15:2–6.  The Court also clarified that it would not "order [DOJ] to produce [the documents] without briefing," id. at 15:22–24, but did not indicate that it would refrain from granting DOJ's summary judgment motion if the Court found the supplemental Vaughn Index to be adequate.  The Court's March 3 Order, therefore, is consistent with the representations it made to the parties.

Furthermore, both sides *have* briefed the Court as to the withholding of the 104 pages in question, see Bagwell, 2015 WL 9272836, at *1, and both have had a fair opportunity to be heard.  The Court previously reserved ruling on DOJ's decision to withhold those documents on the ground that the initial Vaughn Index was too brief and vague to demonstrate that the invoked exemptions applied.  Having reviewed the revised Vaughn Index, along with DOJ's affidavits and the briefing submitted with the parties' motions for summary judgment, the Court subsequently determined that DOJ had met its burden to show that the withheld records were exempt from FOIA's disclosure requirements.  The Court stands by that determination.

Therefore, it is hereby

**ORDERED** that [22] Plaintiff's Motion for Reconsideration be **DENIED**.

**SO ORDERED**.

Date:   April 1, 2016

CHRISTOPHER R. COOPER
United States District Judge