# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN BAGWELL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE )<br>)<br>Defendant. )<br>) | Civil Action No. 1:15-cv-00531 (CRC) |

## PLAINTIFF'S MOTION FOR A TELEPHONIC STATUS CONFERENCE

Plaintiff Ryan Bagwell respectfully moves the court to schedule a telephonic status conference in this matter. The deadline for Defendant to complete its review of responsive records and produce a Vaughn index, as established by the Court's March 3, 2016 order, has passed without compliance from Defendant. Accordingly, Plaintiff requests an opportunity to confer with the Court as soon as possible regarding remedies to Defendant's willful disregard for the Court's March 3, 2016 order. In accordance with Local Rule 7(m), Plaintiff contacted Defendant's counsel, who replied that Defendant "[does] not see a need for a status conference."

## MEMORANDUM OF LAW

1. On April 30, 2014, Plaintiff submitted a request for public records to Defendant pursuant to the Freedom of Information Act ("FOIA").

2. After Defendant failed to timely respond, Plaintiff initiated the instant matter on April 8, 2015.

3. Both sides moved for summary judgment. In its motion, Defendant submitted evidence that it had located "over 86 GB of records" and an additional 2,762 pages of information responsive to Plaintiff's FOIA request. Declaration of Jodi Matuszewski, August 28, 2015, ¶ 13.

4. The Court denied summary judgment to both parties on December 18, 2015. See Memorandum Opinion in <u>Bagwell v. U.S. Dep't of Justice</u>, No. 15-CV-00531 (CRC) (D.D.C. Dec. 18, 2015) ("Memorandum Opinion"). Therein, the Court took issue with two aspects of Defendant's arguments in this matter.

5. First, the Court found "substantial doubt" as to the sufficiency of Defendant's search for e-mails. <u>Id</u> ¶ 7.

6. Second, the Court found Defendant's justification for withholding records purportedly related to a grand jury investigation was insufficient. In particular, it stated:

> "The Court is further troubled by the possibility that no review was ever conducted of the 'records related to the grand jury proceedings' in the first place. Without such a review, it is unclear how EOUSA could determine that the exemption applies, let alone 'suppl[y] the information a court must have in order to intelligently make [the] judgment that the material it withheld would reveal some secret aspect of the grand jury's inner workings or investigation.'"

Memorandum Opinion, p. 6 (internal citations omitted).

7. On March 3, 2016, the Court issued an order that stated the following:

> absent any wholesale burdensomeness objection, Defendant begin processing the request … upon the payment of applicable processing and duplication fees. Defendant shall produce all non-exempt material on a monthly, rolling basis. Defendant shall complete the production and a <u>Vaughn</u> Index of any withheld

>material within six months of its commencement absent leave of the Court.

Order in <u>Bagwell v. U.S. Dep't of Justice</u>, No. 15-CV-00531 (CRC) (D.D.C. March. 3, 2016).

8. On March 18, 2016, Defendant sent Plaintiff a letter stating it had started searching for additional responsive documents, but had "reached the two hours of search time provided to you at no charge." Letter from Susan B. Gerson dated March 18, 2016 ("Fee Demand Letter") (Exhibit A). It demanded payment of $3,120 before it would continue "processing the request."

9. Despite the fact that it had only sought search fees from Plaintiff, Defendant apparently stopped processing records that had already been located, including the 86 GB and 2,762 pages of records that relate to grand jury proceedings.

10. Notwithstanding, approximately two weeks later, in the parties' status report filed on March 31, 2016 ("First Joint Status Report"), Defendant's counsel told the Court, "[w]e are in the process of scanning and bates stamping all of the documents we have so that we can do a <u>Vaughn</u> index going forward" and "[o]nce the records are scanned and bates stamped, we will review everything for grand jury." First Joint Status Report ¶ 1-2.

11. Therefore, it appeared from the First Joint Status Report report that Defendant was continuing to process the 86GB and 2,762 pages of records that purported relate to grand jury proceedings, despite the contrary indications in the Fee Demand Letter.

12. Sadly, Defendant's reinitiated processing was short lived. Two months later, in the parties' second joint status report submitted May 31, 2016 ("Second Joint Status Report"), Defendant informed the Court that it had once again stopped processing the request in its entirety until Plaintiff paid the requested fee.

13. On June 21, 2016, Plaintiff filed a Motion to hold Defendant in Contempt for failing to process the request in accordance with the Court's March 3, 2016 order. In particular, Plaintiff sought relief from Defendant's decision to 1) stop processing the 86GB and 2,762 pages of records related to grand jury proceedings that had already been located, and 2) not produce all non-exempt material on a monthly, rolling basis. Defendant did not respond to Plaintiff's contempt motion. The motion is still pending before the Court.

14. Now, six months have passed since Defendant started processing the 86GB and 2,762 pages of records related to grand jury proceedings, and Defendant has not produced a Vaughn index. Therefore, Defendant has violated a third part of the Court's March 3, 2016 order.

15. Due to Defendant's refusal to process the 86GB and 2,762 pages of records related to grand jury proceedings, this litigation is effectively stalled until Defendant is made to process the those records in accordance with the Court's March 3, 2016 order.

16. Therefore, Plaintiff respectfully requests a status conference as soon as possible to discuss Defendant's failure to fulfill its duties to this Court under the law.

17. Plaintiff is generally available any day in September or October after 11 a.m., with the exception of 2 - 3 p.m. on Fridays.

WHEREFORE, Plaintiff respectfully moves this Court to schedule a telephonic status conference in this matter at its earliest convenience.

Respectfully Submitted,

_____
Ryan Bagwell
444 Upham St.
Melrose, MA 02176
(608) 466-6195
ryan@ryanbagwell.com