IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RYAN BAGWELL ) |  |  |
| ) |  |  |
| Plaintiff, ) |  |  |
| ) |  |  |
| v. ) | Civil Action No. 1:15-cv-00531 (CRC) |  |
| ) |  |  |
| UNITED STATES DEPARTMENT OF ) |  |  |
| JUSTICE ) |  |  |
| ) |  |  |
| Defendant. ) |  |  |

**PLAINTIFF'S STATUS REPORT**

Plaintiff Ryan Bagwell hereby files this Status Report in accordance with the Court's order dated July 19, 2017 (ECF No. 50), instructing the parties to confer about a production schedule for the approximately 260,800 pages of records that Defendant inadvertently failed to process. The parties have engaged in substantial efforts to narrow the universe of records Defendant will be required to review. For the reasons more fully described below, Plaintiff generally supports Defendant's 12-month proposed production schedule, but further proposes interim deadlines.

1. According to the Declaration of D. Brian Simpson dated June 15, 201[7] (ECF No. 46), the 260,800 pages of records at issue consist of the following:

- 249,000 pages of documents produced by Penn State University pursuant to a federal grand jury subpoena.

- 9,500 pages of documents produced by financial institutions;

- 2 pages of documents produced by the Centre County Coroner;

- 1,800 pages produced by the Pennsylvania Governor's Office of Budget;

- 4 pages produced by Google;

- 32 pages of documents from the filing cabinets of a third party individual located at Penn State University, and;

- 290 pages of documents produced by the Office of Personnel Management.

2. The Simpson Declaration also stated that Defendant located 19 CDs produced by Penn State, but failed to access the information because it was password protected.

3. On July 24, 2017, Defendant's counsel described the records as financial/banking records, witness lists, witness notes, paper files/electronic mail to and from witnesses and background checks.

4. On July 25, Plaintiff agreed to exclude witness lists, witness notes (to the extent they reflect a witness's actual testimony to a grand jury) and financial records from the universe of responsive documents.

5. On July 26, Defendant informed Plaintiff that the exclusion only removed about 600 pages of records from the universe that must be processed. As a result, Defendant proposed narrowing the universe of records to those that include the terms "Sandusky," "child abuse," "Freeh," and/or "Cleary Act."

6. On July 27, Plaintiff declined Defendant's proposal, but further agreed to remove (1) 9,500 pages of records produced by financial institutions and (2) 2 pages from the Centre County (Pennsylvania) Coroner.

7. On or about August 15, 2017, Defendant informed Plaintiff that it was able to access the information contained on the 19 CDs in its possession, but did not specify how many pages of information were contained therein.

8. The parties continued to discuss potential methods of reducing the universe of records, and Plaintiff agreed to specify search terms to eliminate some of the 249,000 pages of records produced by Penn State. He submitted the list of search terms to Defendant on August 18, 2017 (Exhibit A).

9. On August 29, 2017, Defendant informed Plaintiff that Defendant would still have to review 158,405 "documents" after narrowing the universe of records using the search terms provided by Plaintiff.

10. Plaintiff has agreed to exclude measures that will reduce the number of records for Defendant to process by tens of thousands of pages, if not hundreds of thousands of pages. According to Defendant, the remaining universe of records is still quite large.

11. Therefore, Plaintiff proposes the following 12-month production schedule:

- No later than October 1, 2017, Defendant shall produce all non-exempt information from the 32 pages received from a third-party individual located at PSU and the 290 pages produced by the Office of Personnel Management;

- No later than November 1, 2017, Defendant shall produce all non-exempt information from the Pennsylvania Governor's Office of Budget;

- No later than October 1, 2018, Defendant shall produce all remaining, non-exempt information on a monthly, rolling basis, excluding the records produced by Penn State University that do not meet the search terms provided by Plaintiff in his letter dated August 18, 2017.

- Defendant shall file a status report every two months beginning November 1, 2017.

        Respectfully submitted,

        Ryan Bagwell, Plaintiff
        444 Upham St.
        Melrose, MA 02176
        (608) 466-6195
        ryan@ryanbagwell.com