# SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| Pltf. Item No. | LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|---|
| | RECORDS WITHHELD IN FULL | | |
| 1 | EMAIL_0003268; EMAIL_0008243. | Subject: Sandusky Memo<br><br>Internal email distributed among AUSA's assigned to the Penn State University/Sandusky investigation discussing draft memoranda that was prepared by the legal team. The memoranda contain the government attorneys' legal theories and analysis of potential avenues to pursue during the course of the investigation. | Withheld in Full<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect emails discussions among USAO-MDPA AUSAs that contain the government attorneys' legal opinions, theories and recommendations related to the USAO-MDPA Penn State University/Sandusky investigation, and contemplated litigation.<br><br>Since this material is attorney work product, there is no segregable material.<br><br>(b)(5) – Deliberative Process Privilege<br><br>Exemption (b)(5) is asserted to protect the back and forth pre-decisional and deliberative, decision making processes of the government attorneys while investigating sexual child abuse allegations and other crimes that may have occurred on the Penn State University ("PSU") campus.<br><br>Releasing the emails would have a chilling effect on government attorneys' ability to engage in open, frank, |

## SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| | LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|---|
| | | | discussions about investigatory matters and contemplated litigation strategies.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protect the names, telephone numbers, and other personally identifiable information of government attorneys assigned to or involved with the PSU/Sandusky investigation.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy, and may subject them to harassment. |
| 2 | EMAIL_0003269;<br><br>00002896; 00003583 – 00003589. | Draft Memorandum – Witness Interviews and Witness List. | Withheld in Full<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect memoranda prepared by the AUSAs assigned to the PSU/Sandusky litigation that summarizes and analyzes information obtained from witness interviews. Exemption (b)(5) protects, among other things, the legal team's opinions, theories, and impressions of certain witnesses who were interviewed as part of the PSU/Sandusky investigation. The information obtained |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| | | might lead to litigation if it was determined that laws were violated.<br><br>Since this material is attorney work product and withheld in full, there is no segregable material.<br><br>(b)(5) – Deliberative Process Privilege<br><br>Exemption (b)(5) is asserted to protect the pre-decisional and deliberative processes of the government attorneys concerning their impressions of witnesses and use of information gained from the interviews.<br><br>Releasing the memoranda would have a chilling effect on government attorney's ability to engage in open, frank, discussions on matters related to the government attorneys' investigation and litigation strategies.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, telephone numbers, home and/or mobile telephone numbers and other personally identifiable information of, witnesses who were either interviewed or provided information to the legal team. The exemption is also asserted to protect the names and telephone numbers of government personnel who were assigned or involved in some manner with the PSU/Sandusky investigation. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| | LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|---|
| | | | There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose the witnesses and government attorneys to harassment and to unwarranted invasion of their personal privacy. |
| 3 | EMAIL_0003333; EMAIL_0003781; EMAIL_0035410; EMAIL_0037766; EMAIL_0044304; EMAIL_0044719; EMAIL_0046614; EMAIL_0046846; EMAIL_0047165; EMAIL_0048320; EMAIL_0052386; EMAIL_0054062; EMAIL_0111095.<br><br>00002422 – 00002424; 00002938 – 00002939; 00002945. | Email discussions among AUSA assigned to the PSU/Sandusky investigation regarding information garnered through witnesses' interviews. | Withheld in Full<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect emails distributed among AUSAs assigned to the PSU/Sandusky litigation that summarizes and discusses information obtained from interviewing witnesses who are connected in some way to the investigation. Exemption (b)(5) protects, among other things, the legal team's opinions, theories, and impressions of certain witnesses and/or the information. The information obtained by the legal team could serve as the foundation for contemplated litigation if it was determined that laws were violated.<br><br>Since this material is attorney work product and withheld in full, there is no segregable material. |

## SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| | | (b)(5) – Deliberative Process Privilege<br><br>Exemption (b)(5) is asserted to protect the pre-decisional and deliberative processes of the government attorneys concerning their impressions of witnesses and use of information gained from the interviews.<br><br>Releasing the emails would have a chilling effect on government attorney's ability to engage in open, frank, discussions on matters related to the government attorneys' investigation and litigation strategies.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, telephone numbers, home and/or mobile telephone numbers and other personally identifiable information of, witnesses who were either interviewed or provided information to the legal team. The exemption is also asserted to protect the names and telephone numbers of government personnel who were assigned or involved in some manner with the PSU/Sandusky investigation.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose the witnesses and |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| | LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|---|
| | | | government attorneys to harassment and to unwarranted invasion of their personal privacy. |
| 4 | EMAIL_0008607; EMAIL_0054195; EMAIL_0110863; EMAIL_0110907; EMAIL_0110912; EMAIL_0110968.<br><br>00000135. | Email discussions among government attorneys concerning draft responses to media inquiry about the PSU/Sandusky investigation. | Withheld in Full<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect email discussion distributed among the government attorneys and personnel assigned to the investigation regarding preparing responses to the media that would avoid interference with the PSU/Sandusky investigation or any contemplated litigation. Exemption (b)(5) protects, among other things, the legal team's opinions, theories, and recommendations for action.<br><br>Since this material is attorney work product and withheld in full, there is no segregable material.<br><br>(b)(5) – Deliberative Process Privilege<br><br>Exemption (b)(5) is asserted to protect the pre-decisional and deliberative processes of the government attorneys concerning their opinion and legal strategies concerning drafting responses to media inquiries.<br><br>Releasing the information prematurely to the media would have a chilling effect on government personnel's ability to |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| | LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|---|
| | | | engage in open, frank, discussions on matters of policies and litigation strategies.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names and telephone numbers of government personnel who were involved in the PSU/Sandusky investigation.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| 5 | EMAIL_0008608; EMAIL_0037228; EMAIL_0047033; EMAIL_0047035. | Criminal Approval Emails or Forms<br><br>Internal emails and draft approval forms from various AUSAs assigned to the PSU/Sandusky investigation seeking approval from their senior management to interview witnesses, issue subpoenas or pursue other legal | Withheld in Full<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect emails and forms that were distributed among AUSAs assigned to the PSU/Sandusky investigation and senior management. The emails contain the legal team' theories, opinion and recommendations for action.<br><br>Since this material is attorney work product and withheld in full, there is no segregable material. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| | strategies related to the PSU/Sandusky investigation. | (b)(5) – Deliberative Process Privilege<br><br>Exemption (b)(5) is asserted to protect the back and forth pre-decisional and deliberative processes that occurred between the AUSAs and senior management agencies, regarding recommendations for action in furtherance of the PSU/Sandusky investigation and contemplated litigation.<br><br>Releasing the email or forms would have a chilling effect on government personnel's ability to engage in open, frank, discussions on matters affecting the course or direction of the investigation, or develop litigation strategies.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names and telephone numbers of government attorneys who were assigned to the PSU/Sandusky investigation.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| 6 EMAIL_0009669; EMAIL_0023238 -EMAIL_0023239; MAIL_0023240; EMAIL_0033992; EMAIL_0040858; EMAIL_0042221; EMAIL_0043728; EMAIL_0044277; EMAIL_0044292; EMAIL_0044295; EMAIL_0044297; EMAIL_0044300; EMAIL_0044303; EMAIL_0045379; EMAIL_0046475; EMAIL_0046483; EMAIL_0046489; EMAIL_0046496; EMAIL_0046502; EMAIL_0046508; EMAIL_0046865; EMAIL_0046868; EMAIL_0047032; EMAIL_0048350; EMAIL_0050013; EMAIL_0052151; EMAIL_0054006; EMAIL_0054173; EMAIL_0054177; EMAIL_0054184; EMAIL_0054203; EMAIL_0054227; EMAIL_0054229; EMAIL_0054237; EMAIL_0054263; EMAIL_0054271; EMAIL_0054273; EMAIL_0054292; EMAIL_0054294; EMAIL_0054298; EMAIL_0054393; EMAIL_0109547; EMAIL_0110774; EMAIL_0110781; EMAIL_0110807 – EMAIL_0110808; EMAIL_0110862; EMAIL_0110876 – EMAIL_0110877; EMAIL_0110879; EMAIL_0110883; EMAIL_0110891; EMAIL_0110904; | Email distributed among AUSA's assigned to or in some way involved with the PSU/Sandusky investigation discussing legal effect that the results of Sandusky's hearings and subsequent conviction may have on the investigation. | Withheld in Full<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect email distributed among the legal team regarding the focus of the investigation, and discussion of legal theories and opinions related to Sandusky's hearing and subsequent conviction.<br><br>Since this material is attorney work product and withheld in full, there is no segregable material.<br><br>(b)(5) – Deliberative Process Privilege<br><br>Exemption (b)(5) is asserted to protect the back and forth pre-decisional and deliberative processes that occurred between the legal team assigned to the PSU/Sandusky investigation.<br><br>Releasing the emails would have a chilling effect on government attorney's ability to engage in open, frank, discussions on matters related to the investigation and contemplated litigation strategies.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names and telephone numbers of government attorneys |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| EMAIL_0110905; EMAIL_0110929; EMAIL_0110953; EMAIL_0110954; EMAIL_0110956; EMAIL_0110959; EMAIL_0110962; EMAIL_0110971; EMAIL_0110974; EMAIL_0110978; EMAIL_0110980; EMAIL_0110983 – EMAIL_0110986; EMAIL_0110988; EMAIL_0110990; EMAIL_0111074.<br><br>00000092; 00000093; 00000557; 00000558; 00000560; 00000596; 00000651; 00000708; 00000709; 00002108; 00002117; 00002118; 00002124; 00002898; 00002933; 00002876; 00002877; 00002878 | | assigned to or in some way involved in the PSU/Sandusky investigation, and names of uncharged individuals.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to possible harassment, retaliation and an unwarranted invasion of their personal privacy. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| | LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|---|
| 7 | EMAIL_0034639; EMAIL_0034640; EMAIL_0035352; EMAIL_0046872. | Emails distributed among AUSAs commenting on an unsigned draft letter that was created by USAO-MDPA attorneys, in response to complaint letters received from various citizens seeking a DOJ investigation into allegation of child abuse by Sandusky. | Withheld in Full<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect emails distributed among AUSAs assigned to or in some way involved with the PSU/Sandusky investigation regarding the drafting of responses to letters received from various citizens. Exemption (b)(5) protects, among other things, the legal team's rationale, opinions, and legal strategies.<br><br>Since this material is attorney work product and withheld in full, there is no segregable material.<br><br>(b)(5) – Deliberative Process Privilege<br><br>Exemption (b)(5) is asserted to protect the pre-decisional and deliberative processes of the government attorneys in preparing responses to individuals asking DOJ to investigate allegations of sexual child abuse and other possible crimes that may have occurred on PSU's campus.<br><br>Releasing the emails would have a chilling effect on government attorney's ability to engage in open, frank, discussions about the appropriate way to respond to various citizens' request for a DOJ investigation into the PSU/Sandusky sexual child abuse allegations. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| | | (b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, telephone numbers, home and/or mobile telephone numbers and other personally identifiable information of uncharged individuals, citizens, and USAO-MDPA attorneys.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose the individuals and government attorneys to harassment and to unwarranted invasion of their personal privacy. Individuals accused of wrongdoings could run the risk of having their reputations or careers damaged. |
| 8 EMAIL_0035347; EMAIL_0037994; EMAIL_0037999; EMAIL_0038463; EMAIL_0054064; EMAIL_0054087;<br><br>00001676; 00002068; 00002070; 00002072; 00002074; 00002077; 00002079; 00002083 – 0002090; 00002091; 00002093 – 00002094; 00002095; 00002176; 00002418; 00002420; 00003312; 00003551; 00003567; 00003568; | Letters, and in some instances, attachments, from outside law firm that represented recipient of a grand jury subpoena to the government attorneys assigned to the PSU/Sandusky investigation. | Withheld in Full<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, telephone numbers, and other personally identifiable individuals who were the recipient of grand jury subpoenas, and the government attorneys assigned to the PSU/Sandusky investigation. Revealing the names or identity of individuals, or their businesses, who received federal grand jury subpoenas could subject those individuals |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| | LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|---|
| | 00003570 – 0000374; 0003579 - 00003579; 00003675; 00003677; 00003707; 000036709 – 00003713; 0000371 – 00003717; 00003718; 00003720; 00003720; 00003722; 00003724; 00003726; 00003731; 00003732; 00003734 – 00003740; 00003752; 00003762 -00003763 – 00003776; 00003778. | | to embarrassment and potential irreparable harm to their reputation and careers. Private citizens and government personnel in some way connected to the PSU/Sandusky investigation could run the risk of harm from people associated with victims, their family members, or members of the community.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosing the names of individuals connected in any way to the law enforcement investigation would expose those individuals to unwarranted invasion of their personal privacy. |
| 9 | EMAIL_0038428; EMAIL_0038429; EMAIL_0038460; EMAIL_0038484; EMAIL_0040784; EMAIL_0047039; EMAIL_0048344; EMAIL_0054083; EMAIL_0054301.<br><br>00000110; 00000125; 00000126; 00000127; 00000128; 00000129; 00000130; 00000131; 00000136; 00000137; 00003252 – 00003259; 00003133; 00003142 – 00003143; 00003149 – 00003150; 00003153 – 00003155; 00003157 – 00003159; 00003251 - 00003259. | Emails and attachments submitted by a blogger to USAO-MDPA and AUSAs assigned to the PSU/Sandusky investigation. The blogger routinely identifies by name individuals and organizations that he asserts were involved in a PSU/Sandusky child abuse cover-up. The blogger identifies victims and their family members | Withheld in Full<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, telephone numbers, and other personally identifiable information of alleged victims and their family members, witnesses, business owners and their financial information. The exemptions are also assert to protect the names and telephone numbers of the government attorneys assigned to the PSU/Sandusky investigation. Revealing the names of the individuals or their businesses could subject them to embarrassment and potential irreparable harm to their reputation and careers. Releasing the names of the government attorneys could subject them to harassment. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| | The blogger also discusses financial information related to organizations or companies that he alleges are someway implicated in the PSU/Sandusky cover up. | There is no public interest that outweighs the privacy interest identified here. Disclosing the names of individuals connected in any way to the law enforcement investigation would expose those individuals to unwarranted invasion of their personal privacy. |
| 10 EMAIL_0038462.<br><br>00002122. | Email circulated among AUSAs discussing the contents of letters and in some instances, attachments, received from counsel representing individuals and organization that received grand jury subpoenas | Withheld in Full<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect email distributed among the legal team discussing investigation and legal, strategies, theories and opinions related to information received from grand jury recipients' counsels. The information obtained by the legal team could serve to determine the direction of the investigation or basis for contemplated litigation, if it was determined that laws were violated.<br><br>Since this material is attorney work product, there is no segregable material. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| | | (b)(5) – Deliberative Process<br><br>Exemption (b)(5) is asserted to protect the pre-decisional and deliberative processes of the government attorneys in discussing information received from counsels for recipients of grand jury subpoenas.<br><br>Releasing the emails would have a chilling effect on government attorney's ability to engage in open, frank, discussions on matters related to the investigation and contemplated litigation strategies.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, addresses, and telephone numbers of recipients of grand jury subpoenas and their businesses, and names and telephone numbers of government attorneys assigned to PSU/Sandusky investigation,<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose the individuals and government attorneys to harassment and to unwarranted invasion of their personal privacy. Individuals associated in some way with the PSU/Investigation could run the risk of having their reputations or careers damaged. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| | LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|---|
| | | | |
| 11 | EMAIL_0043905; EMAIL_0049171; EMAIL_0052152; EMAIL_0052153; EMAIL_0111099.<br><br>00003329 – 00003332; 00003629 – 000036 | Unsigned Draft Records Preservation letters; Unsigned Draft Proffer letters, and attachments; Unsigned draft letter from USAO-MDPA US Attorney to the PA Attorney General.<br><br>The letter from the USAO-MD PA Attorney to the PA Attorney General, although possibly releasable if final and not confidential, is being withheld in full because it is an unsigned draft letter. | Withheld in Full<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect the drafts work product of the legal team's that consists of their impressions, opinions, and legal theories in furtherance of the PSU/Sandusky investigation and contemplated litigation.<br><br>Since this material is attorney work product, there is no segregable material.<br><br>(b)(5) – Deliberative Process<br><br>Exemption (b)(5) is asserted to protect the pre-decisional and deliberative processes of the government attorneys in drafting various letters to assist in focusing the scope and direction of the investigation.<br><br>Releasing the draft letters prematurely would have a chilling effect on government attorney's ability to engage in open, frank, discussions on matters related to the investigation and contemplated litigation strategies. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| | | (b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protect the names and telephone numbers of victims and government attorneys who were assigned to or in some way involved in the PSU/Sandusky investigation. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| 12 EMAIL_0038026; EMAIL_0043904; EMAIL_0044670; EMAIL_0045140; EMAIL_0045404; EMAIL_0045406; EMAIL_0046862; EMAIL_0046912; EMAIL_0046974; EMAIL_0049199; EMAIL_0049213; EMAIL_0049214; EMAIL_0054175; EMAIL_0054211; EMAIL_0054299; EMAIL_0109548; EMAIL_0110773.<br><br>00000599; 00000601; 00000603; 00000604; 00000605; 00000799; 00002174; 00002218; 00002452; 00002935; 00003550; 00003564; 00003566; 00003818; 00003828 – | Email (and in some cases attachments) circulated among federal government attorneys and law enforcement personnel who were assigned to the PSU/Sandusky investigation discussing investigation techniques and legal strategies. | Withheld in Full<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect email distributed among the government attorney, law enforcement agents and personnel discussing the focus of the investigation, legal theories, opinions and strategies related to the PSU/Sandusky investigation and contemplation of litigation, if it was determined that laws were violated.<br><br>Since this material is attorney work product, there is no segregable material. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| 00003829; 00003831; 00003833 – 00003841; 00003847 – 00003848; 00003850; 00003852 – 00003859; 00003861; 00003863; 00003865 – 00003867; 00003867; 00003869; 00003871; 00003880; 00003882 – 00003886. | | (b)(5) – Deliberative Process<br><br>Exemption (b)(5) is asserted to protect the pre-decisional and deliberative processes of the government attorneys and law enforcement agents and personnel in their discussion of legal strategies, theories and opinions related to the PSU/Sandusky investigation.<br><br>Releasing the emails would have a chilling effect on government attorneys, law enforcement agent and personnel's ability to engage in open, frank, discussions on matters related to the PSU/Sandusky investigation.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, addresses, and telephone numbers of uncharged individuals, government attorney and law enforcement personnel.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose the, government attorneys and law enforcement personnel to possible harassment and an unwarranted invasion of their personal privacy. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| | LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|---|
| 13 | EMAIL_0046814; EMAIL_0046816; EMAIL_0046819; EMAIL_0046821; EMAIL_0046967; EMAIL_0048338; EMAIL_0048340; EMAIL_0049169; EMAIL_0054085.<br><br>00003555; 00003779; 00003780 – 00003781; 00003783; 0003785; 00003787 – 00003789; | Email discussions among AUSAs assigned to the PSU/Sandusky investigation and counsels representing individuals and organization that received grand jury subpoenas | Withheld in Full<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, telephone numbers, and other personally identifiable information of individuals who were the recipient of grand jury subpoenas, and the government attorneys assigned to the PSU/Sandusky investigation. Revealing the names or identity of individuals or their businesses who received federal grand jury subpoenas could subject those individuals to embarrassment and potential irreparable harm to their reputation and careers.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosing the names of individuals connected in any way to the law enforcement investigation would expose those individuals to unwarranted invasion of their personal privacy. |
| 14 | 00000138 – 00000144; 00000581 – 00000595; 00000600; 00000602; 00000606; 00000615; 00000652; 00000695 – 00000700; 00000717; 00000718 – 00000742; 00000744 – 00000745; 00000857 – 00000859; | AUSA Typed and Handwritten notes | Withheld in Full<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect notes of AUSAs assigned to the PSU/Sandusky investigation. The notes contained the government attorneys' investigation and legal |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| 00001100; 00001232 – 00001233; 00001242 – 00001255 – 00001256; 00001439; 00001561; 00001675; 00001680 - 00001684;00001985; 00002008; 00002009;00002014 – 00002018; 00002024 – 00002037; 00002040; 00002061 – 00002064; 00002106 – 00002107; 00002226; 00002227; 00002429; 00002430; 00003308 – 00003312; 00003356 – 00003363; 00003653; 00003655; 00003663; 00003664.<br><br>. | | strategies, opinions, theories and recommendations related to the PSU/Sandusky investigation, and contemplated litigation. The nots also contain names of witnesses, victims and other individuals who were some way associated with the PSU/Sandusky investigation.<br><br>Since this material is attorney work product, there is no segregable material.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protect the names, telephone numbers, and other personally identifiable information of witnesses, victims, uncharged individuals an government attorneys assigned to or involved with the PSU/Sandusky investigation. Revealing the names or identity of individuals could subject them to embarrassment and potential irreparable harm to their reputation and careers.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy, and may subject them or harassment. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| | LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|---|
| 15 | 00001677; 00001678; 00001679; 00002895; 000037540 – 00003760; 00003792 – 00003810. | Letter from an alleged sexual child abuse victim; and Victim Notification Letter sent to AUSA assigned to the PSU/Sandusky investigation from the PA AG's Office. | (b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, telephone numbers, home and/or mobile telephone numbers and other personally identifiable information of the alleged sexual child abuse victim, and information related to uncharged individuals and alleged witnesses, and details of the alleged crime. The exemption is also asserted to protect the names and telephone numbers of government personnel who were involved in the PSU/Sandusky investigation.<br><br>Revealing the names of the individuals associated with sexually abuse of children could subject them to embarrassment and potential irreparable harm to their reputation and careers. Releasing the names of the government attorneys could subject them to harassment.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| 16 | 00001958; 00001970; 00002229; 00002234 – 00002238; 00002240; 00002241; 00002245. | Case Law and Legal Research | Withheld in Full<br><br>(b)(5) – Attorney Work Product |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| | | Exemption (b)(5) is asserted to protect the attorneys' research, legal strategies, theories and focus of the PSU/Sandusky investigation and contemplated litigation.<br><br>Since this material is attorney work product, there is no segregable material. |
| 17 00002102 – 00002105; 00002109 – 00002115; 00002119 – 00002122; 00002125 – 00002127; 00002144 – 00002153; 00002159 – 00002225; 00003295 – 00003296; 00003300 – 00003303; 000003557 – 00003560; 00003562; 00003563; 00003590 – 00003592; 00003631 – ; 00003632 – 00003634; 00003640 – 00003642. | Grand Jury Subpoenas letters issues to individuals and businesses. The letters were signed by an AUSA assigned to the PSU/Sandusky investigation. | Withheld in Full<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect the legal team's focus of the investigation and legal strategies in directing the issuance of grand jury subpoenas to certain individual and businesses. The information obtained by the legal team from issuing the subpoenas could serve to determine the direction of the investigation or basis for contemplated litigation, if it was determined that laws were violated.<br><br>Since this material is attorney work product, there is no segregable material.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, addresses, and telephone numbers of recipients of grand jury subpoenas and their businesses, and names and |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| | | telephone numbers of government attorneys assigned to PSU/Sandusky investigation,<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose the individuals and government attorneys to harassment and to unwarranted invasion of their personal privacy. Individuals associated in some way with the PSU/Investigation could run the risk of having their reputations or careers damaged. |
| RECORDS RELEASED IN PART | | |
| EMAIL_0000006; EMAIL_0006373; EMAIL_0018393; EMAIL_0019920; EMAIL_0021863; EMAIL_0021865; EMAIL_0022053; EMAIL_0026258; EMAIL_0026270; EMAIL_0026276; EMAIL_0026282; EMAIL_0026285; EMAIL_0026307; EMAIL_0026315; EMAIL_0026318; EMAIL_0032247; EMAIL_0032253; EMAIL_0032270; EMAIL_0034167; EMAIL_0034855; | Email circulated among government attorneys and/or law enforcement personnel who were assigned to the PSU/Sandusky investigation discuss newspaper articles and other media that reported | Released in Part<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect email distributed among the government attorney, law enforcement agents and personnel discussing news articles and the impact on the investigation or focus of the investigation, legal theories, opinions and strategies related to the |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| EMAIL_0037521; EMAIL_0037741; EMAIL_0038000; EMAIL_0038006; EMAIL_0042223; EMAIL_0043527; EMAIL_0043898; EMAIL_0043924; EMAIL_0043929; EMAIL_0044685; EMAIL_0044713; EMAIL_0046629; EMAIL_0046636; EMAIL_0044638; EMAIL_0044832; EMAIL_0044834; EMAIL_0044837; EMAIL_0046913; EMAIL_0049085; EMAIL_0049090; EMAIL_0049095; EMAIL_0049102; EMAIL_0049108; EMAIL_0049116; EMAIL_0048317; EMAIL_0049126; EMAIL_0049135; EMAIL_0054061; EMAIL_0054206; EMAIL_0054390; EMAIL_0109546; EMAIL_0110252; EMAIL_0110253; EMAIL_0110772; EMAIL_0110775; EMAIL_0110776; EMAIL_0110778; EMAIL_0110780; EMAIL_0110809;EMAIL_0110864; EMAIL_0110866; EMAIL_0110868; EMAIL_0110873; EMAIL_0110884; EMAIL_0110885; EMAIL_0110892; EMAIL_0110893; EMAIL_0110894; EMAIL_0110896; EMAIL_0110898 EMAIL_0110915; EMAIL_0110918; EMAIL_0110921; EMAIL_0110924. | on various aspects of the PSU/Sandusky matter. .<br><br>Redacted:<br><br>• AUSAs names, email addresses, and telephone numbers;<br><br>• Law enforcement agents telephone numbers;<br><br>• Discussions among government attorneys and law enforcement agents concerning legal and investigation strategies related to the PSU/Sandusky investigation. | PSU/Sandusky investigation and contemplation of litigation, if it was determined that laws were violated.<br><br>(b)(5) – Deliberative Process<br><br>Exemption (b)(5) is asserted to protect the pre-decisional and deliberative processes of the government attorneys and law enforcement agents and personnel in their discussion of legal strategies, theories and opinions related to the PSU/Sandusky investigation.<br><br>Releasing the emails would have a chilling effect on government attorneys, law enforcement agent and personnel's ability to engage in open, frank, discussions on matters related to the PSU/Sandusky investigation.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, addresses, and telephone numbers of uncharged individuals, government attorney and law enforcement personnel.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose the, government attorneys and law enforcement personnel to possible |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| 00000654; 00000706; 00000800; 00000802; 00000818; 00000845; 00000876; 00001116; 00001124; 00002779; 00002794. | | harassment and an unwarranted invasion of their personal privacy. |
| EMAIL_0014919;<br>EMAIL_0022088;<br>EMAIL_0022096;<br>EMAIL_0110805;<br>EMAIL_0110806;<br>EMAIL_0110880;<br>EMAIL_0110881;<br>EMAIL_0110887;<br>EMAIL_0110889;<br>EMAIL_0110899;<br>EMAIL_0110937;<br>EMAIL_0110939;<br>EMAIL_0110941;<br>EMAIL_0110943;<br>EMAIL_0110946;<br>EMAIL_0110947; | Email inquiries from the media to USAO-MDPA attorneys seeking information related to the PSU/Sandusky investigation.<br><br>Redacted:<br><br>• AUSAs names, email addresses, and telephone numbers;<br><br>• Discussions among USAO-MDPA attorneys regarding response to media inquiries. | Released in Part<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect email discussion distributed among the government attorneys and personnel assigned to the investigation regarding preparing responses to the media that would avoid interference with the PSU/Sandusky investigation or any contemplated litigation. Exemption (b)(5) protects, among other things, the legal team's opinions, theories, and recommendations for action.<br><br>(b)(5) – Deliberative Process Privilege<br><br>Exemption (b)(5) is asserted to protect the pre-decisional and deliberative processes of the government attorneys concerning their opinion and legal strategies concerning drafting responses to media inquiries.<br><br>Releasing the information prematurely to the media would have a chilling effect on government personnel's ability to engage in open, frank, discussions on matters of policies and litigation strategies. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| | | (b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names and telephone numbers of government personnel who were involved in the PSU/Sandusky investigation.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| EMAIL_0037251;<br>EMAIL_0038206;<br>EMAIL_0038248;<br>EMAIL_0038459;<br>EMAIL_0039351;<br>EMAIL_0054078; | Emails and attachments from a blogger to USAO-MDPA and an AUSA assigned to the PSU/Sandusky investigation.<br>Redacted:<br><br>• AUSAs names, email addresses, and telephone numbers; | Released in Part<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect emails containing government attorneys' legal opinions, theories regarding information submitted by the blogger, and impact the information may have on the PSU/Sandusky investigation and contemplated litigation.<br><br>(b)(5) – Deliberative Process Privilege |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
| --- | --- | --- |
| | • Discussions among USAO-MDPA attorneys regarding information received and possible impact, if any, on the PSU/Sandusky investigation. | Exemption (b)(5) is asserted to protect the pre-decisional and deliberative processes of the government attorneys' discussion of information submitted by the blogger, and impact the information may have on the PSU/Sandusky investigation and contemplated litigation.<br><br>Releasing the emails would have a chilling effect on government personnel's ability to engage in open, frank, discussions on matters of policies and litigation strategies.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, telephone numbers, and other personally identifiable of government personnel involved in the PSU/Sandusky investigation. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| EMAIL_0037991; EMAIL_0037997.<br><br>00002946. | Email discussions between outside counsels who represented recipient of a grand jury subpoena discussing records and individuals who were the subject of the subpoenas. The letter were sent to the government attorneys assigned to the PSU/Sandusky investigation in response to the issuance of grand jury subpoenas.<br><br>Redacted:<br><br>• AUSAs names, email addresses, and telephone numbers. | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names and telephone numbers of the government attorneys assigned to the PSU/Sandusky investigation.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosing the names of the government attorneys would expose those individuals to unwarranted invasion of their personal privacy. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| EMAIL_0044684 | Email discussions among government attorneys involved in some way to the PSU/Sandusky investigation discussion scheduling and other calendar matters.<br><br>Redacted:<br><br>• AUSAs names, email addresses, and telephone numbers;<br><br>• Discussions among government attorneys regarding legal aspects of the PSU/Sandusky investigation. | Released in Part<br><br>(b)(5) – Attorney Work Product<br><br>Exemption (b)(5) is asserted to protect emails containing government attorneys' legal opinions, theories and investigation strategies regarding the PSU/Sandusky investigation and contemplated litigation.<br><br>(b)(5) – Deliberative Process Privilege<br><br>Exemption (b)(5) is asserted to protect the pre-decisional and deliberative processes of the government attorneys' discussion among the attorney attempting to schedule meetings related to the PSU/Sandusky investigation. Releasing the emails would have a chilling effect on government personnel's ability to engage in open, frank, discussions on matters of policies and litigation strategies.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names and telephone numbers of government attorneys assigned to or in some way involved with the PSU/Sandusky investigation.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
| --- | --- | --- |
| | | not reveal the operations or activities of the federal government but instead would expose the government attorneys to unwarranted invasion of their personal privacy. |
| EMAIL_0048317; EMAIL_0110783. | Freeh Group Email<br><br>Redacted:<br><br>• AUSAs names, email addresses, and telephone numbers. | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, email addresses and telephone number of government attorneys assigned the PSU/Sandusky investigation.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose the government attorneys to unwarranted invasion of their personal privacy. |
| 00000283 – 00000285; 00000287 – 00000550; 00000552; 00000553. | Email petitions and letter submitted by private citizens to USAO-MDPA seeking investigation into PSU/Sandusky Corruption Scandal. | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names residence and other personally identifiable information of the individual who submitted petitions to USAO-MDPA seeking an investigation into the |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| | Redacted private citizens' email addresses and names, and uncharged individuals names. | PSU/Sandusky sexual child abuse allegation and other possible crimes.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| 00002949 – 00002992. | Requisition Receipt of individuals who attended and/or received scholarships from The Second Mile Summer Camp Children's Program Scholarship Fund.<br><br>Redacted the payee and signatory's names. | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, telephone numbers, home and/or mobile telephone numbers and other personally identifiable information of the individuals who may have been victims of sexual child abuse and information related to uncharged individuals who were connected in some way to the PSU/Sandusky investigation.<br><br>Revealing the names of the possible victims and individuals associated with the PSU/Investigation could subject them to embarrassment and potential irreparable harm to their reputation and careers. Releasing the names of the government attorneys could subject them to harassment. |

**SECOND SUPPLEMENTAL VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No1:15-cv-00531-CRC*

| LTSC Relativity Control Number | Doc Description | Disposition and FOIA Exemptions |
|---|---|---|
| | | There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| 00003651 | Cover letter from outside counsel to AUSA assigned to the PSU/Sandusky investigation regarding a letter sent to outside counsel from an alleged Sandusky victim.<br><br>Redacted the AUSAs and victim's name. | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Exemption (b)(6) and (b)(7)(C) are asserted to protects the names, telephone numbers, and other personally identifiable information of alleged victim and government attorney assigned to the PSU/Sandusky investigation.<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |