UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN BAGWELL )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE )<br>)<br>    Defendant. )<br>)  | Civil Action No. 1:15-cv-00531 (CRC) |

## THE PARTIES' JOINT STATUS REPORT

Defendant, the U.S. Department of Justice ("DOJ"), by and through its undersigned counsel, and Plaintiff, Ryan Bagwell ("Plaintiff"), pursuant to the Court's April 17, 2018, Order, directing the parties to file a joint status report by April 23, 2018 to address the following issues:

**Defendant's Response**

1. **The status of the parties' discussions regarding search terms for the remand email search (ECF 73)**

The Executive Office of United States Attorneys ("EOUSA") and the United States Attorneys Office for the Middle District of Pennsylvania ("USAO-MDPA")'s response:

As directed by the Court USAO-MDPA has conducted additional searches using the search term "PSU" and "Penn State" for any and all records of all USAO-MDPA custodians who were in any way involved with or connect to the "investigations between November 1, 2011 and [April 30, 2014] that pertain to allegations of child abuse that occurred on the campus of The Pennsylvania State University." The use of the broad search terms, in addition with other broad search terms that were already used to conduct searches of the custodians electronic and paper records, namely "Pennsylvania State University" "Child sexual abuse and Pennsylvania State University"

"Sandusky" and "Freeh" were reasonably calculated by the agency to uncover the records that are responsive to plaintiff's FOIA request. To date, EOUSA has reviewed more than 114,000 images of records and is working with plaintiff to limit the review of approximately 658,000 images of records.

In response to plaintiff search terms proposal contained in ECF No. 73, EOUSA and USAO-MDPA would agree to conduct additional searches of the custodians' records using the following search terms:

- Second Mile
- Mustokoff
- Baldwin
- Raykovitz
- Genovese
- Courtney

Both EOUSA and USAO-MDPA will **not** agree to search using the following search terms because the terms are overbroad. Since the custodians deal with the law firms and individuals listed below on other matters, a search of their records using their names as search terms would produce an enormous number of nonresponsive records.

- Pepper Hamilton
- Duane Morris
- Kegerreis
- Corricelli
- Bond
- Clark
- Fina

Also, *under no circumstances* will EOUSA or USAO-MDPA agree to use victims' names as search terms. It violates the individuals' privacy rights and 18 U.S.C. § 3509(d) – Child Victim's and Child Witness Rights Act. It is our understanding that DOJ has never publicly identified the names of the victims. Defendant respectfully requests that the Court to redact the names of the victims from the Court's public records.

2. **A proposal for a rolling production schedule for the "inadvertently overlooked" records (ECF No. 59)**

EOUSA will review records produced by a search using the names of individuals listed in the attached August 18, 2017 letter (ECF No. 59). EOUSA reserves the right to refuse to search the "inadvertently overlooked records" using the names of any individual that was an alleged victim of Mr. Sandusky, and will respectfully request that the Court to redact the names of those individual from the record.

As plaintiff previous agreed, EOUSA will also eliminate from its review any information related to financial or bank records that may be found when reviewing the records using the 43 individual's names as search terms.

3. **Defendant's Proposed ROLLING Production Schedule**

Due to agency counsel's caseload and other pending production schedules, EOUSA proposes to begin providing plaintiff with monthly responses on the 15th of each month **beginning July 15, 2018 and concluding September 15, 2019**.

4. **The parties' April 23, 2018, meet and confer**

After undersigned counsel sent, by electronic mail, the above-proposal, Plaintiff sent the following electronic mailing:

Dear Ms. Campbell,

I'm posing the following questions:

1. Instead of the term "Pepper Hamilton," would the government accept the name "Greg Paw" or "Gregory Paw" in it's place? Mr. Paw was a Pepper Hamilton attorney who was assigned to work for the Freeh Group. Using his name would ensure that any emails he sent using his Pepper Hamilton account will be located.

2. The term "Mustakoff" by itself is too narrow to identify all responsive records from the Duane Morris firm. In one instance, a Duane Morris employee named "Melinda Haas" provided information to the government about this subject by email. In place of using "Duane Morris," I would be willing to accept a list of individuals from the Duane Morris firm who corresponded with the government about this subject. If the government would like to provide a list of those

individuals, I would be willing to accept that list in place of the firm's name.

3. With regard to the government's other objections, I believe those search terms are appropriate. If the government would like to suggest any substitute terms, I would certainly consider them.

After Plaintiff responded above, undersigned counsel for Defendant sent the following electronic mailing:

USAO-MDPA and EOUSA's response is below:

The adequacy of a FOIA search is generally determined by the methods used which would reasonably be expected to uncover responsive material. The agency's search for record need not be exhaustive but reasonable calculated to uncover responsive records.

Having said that – USAO-MDPA and EOUSA stands by its previous objections. USAO-MDPA conducted a search of all of the custodians who would have records responsive to plaintiff's FOIA request.

1) Using such broad search terms Penn State, PSU, and Penn State University would most like have captured records containing the names of the law firms that represented PSU. As is the case, after reviewing over 114,000 images, EOUSA determined that, in most instance, the vast majority of the records were nonresponsive to plaintiff's FOIA.

2) It is unreasonable to ask the district to determine which attorneys within the law firms of Duane Morris and Pepper Hamilton conferred with the custodians during the PSU investigation, and use that information to search for records responsive to plaintiff's FOIA request. Also, most of the custodians are no longer DOJ employees.

3) We have agreed to use Mustokoff and may be willing to use the search term "Greg Paw" to search for additional records. Those names, along with other search terms that have been previously used is more than sufficient to uncover records responsive to plaintiff's FOIA request as written.

4) EOUSA and USAO-MDPA again ask that the names of the victims identified in Mr. Bagwell's ECF 73 filing be redacted. We have also determined name(s) of victims are contained in Mr. Bagwell's ECF 59 filing. We ask that the August 18, 2017 letter be removed from the Court's docket. We will proceed to search the inadvertently overlooked records, excluding the name(s) from the search the names of those individual who were identified as victims of Mr. Sandusky.

**Plaintiff's response**

I.       **The status of the parties' discussions regarding search terms for the remand email**

**search (ECF 73)**

Plaintiff asserts that his proposed search terms filed with the court on April 12, 2018 (ECF No. 73) are far more comprehensive than those proposed herein by the government. The government asserts that certain proposed terms are overbroad, but has failed to provide a concrete basis on which that belief is founded. Discarding those terms is not an adequate remedy for the mere belief they are overbroad. Plaintiff remains willing to consider any alternatives to the terms to which the government objects, but will not agree to their removal entirely.

With regard to the government's objection to the proposed term "Pepper Hamilton," Plaintiff would agree to replace this term with "Greg Paw" and/or "Gregory Paw." Mr. Paw is an attorney with the Pepper Hamilton firm who was assigned to work for the Freeh firm during its PSU/Sandusky investigation. Using his name instead of "Pepper Hamilton" would reduce the chances that non-responsive records are identified. The government has not indicated it's position on replacing the term "Pepper Hamilton" with "Greg Paw" and/or "Gregory Paw."

With regard to the government's objection to the proposed term "Mustokoff or 'Duane Morris,'" Plaintiff acknowledges the potential for overbreadth but continues to assert that "Mustokoff" is not enough. While Duane Morris attorney Michael Mustokoff represented Penn State and may have corresponded with the government, other employees of the Duane Morris firm also corresponded with the government. For example, in one instance, a Duane Morris employee named Melinda Haas sent email correspondence to the government about this matter. Plaintiff would consider replacing "Duane Morris" with the names of all Duane Morris employees who corresponded with the government on this matter, but Plaintiff cannot propose them himself because he does not know their identities. In absence of an acceptable alternative, Plaintiff asks the Court to order "Duane Morris" be used to search for responsive emails.

With regard to the government's objection to the use of victims' names as search terms, Plaintiff contends these are appropriate and would have preferred that the government used these terms on its own as requested by Plaintiff in 2015. Since it did not, Plaintiff, after considerable thought, decided to propose them because they are precise terms that are likely to identify responsive records. The Court should be aware that some or all of these individuals have spoken about their victimization through testimony or depositions in criminal or civil cases. One published a book about his experience, and another gave a detailed television news interview about his ordeal[1].

Finally, Plaintiff disagrees that the Child Victims' and Child Witness Rights Act, 18 U.S.C. § 3509, prohibits the government from using victims names to locate responsive records. While that law may ultimately prohibit the release of the identities of certain child victims, it does not prohibit the government from searching for records containing those names. To meet its burden of proving it has conducted an adequate search, the government could provide a declaration that asserts victim's identities were used to locate responsive records, but withhold their specific identifies from public filings in this case.

Plaintiff regrets being forced to compile search terms relevant to an investigation he knows little about. Unfortunately, the government has failed to propose an adequate alternative. The search terms as proposed by Plaintiff are more likely to locate all responsive records than those proposed by the government, and Plaintiff asks the Court to approve his proposed terms with the

---

[1] Aaron Myers recounted his vicimintization in *Silent No More*, published in 2012. Frankie Probst was interviewed by NBC's Rock Center program on November 21, 2011 (available at http://www.nbcnews.com/video/rock-center/45391563)

amendment to "Pepper Hamilton" as described above.

## II. A proposal for a rolling production schedule for the "inadvertently overlooked" records (ECF No. 59)

Plaintiff believes a 12-month production schedule is more appropriate considering that the government has avoided processing this information for more than a year at this point. Specifically, Plaintiff proposes the following schedule for producing the inadvertently overlooked information described in the Declaration of D. Brian Simpson dated June 15, 201[7] (ECF No. 46):

1. Defendant will produce all non-exempt information from the 32 pages received from a third-party individual located at PSU and the 290 pages produced by the Office of Personnel Management by July 15, 2018;

2. Defendant will produce all non-exempt information from the Pennsylvania Governor's Office of Budget by August 15, 2018;

3. Defendant will produce all non-exempt information contained in the 4 pages produced by Google by September 15, 2018.

4. Defendant will produce all non-exempt information obtained pursuant to a federal grand jury subpoena by July 15, 2019. Using the search terms contained in Plaintiff's letter to the government dated August 18, 2017 (ECF No. 59), 158,405 documents must be processed. Plaintiff is unaware of the inclusion of any victims names in his letter, but notes that the term "Myers" was intended to represent "Joel Myers" (a member of PSU's Board of Trustees at the time) and not the name of a victim with the same last name. Defendant will provide monthly responses to Plaintiff regarding this information on the 15th of each month beginning on October

15, 2018.

Dated: April 23, 2018                              Respectfully submitted,

_____/s/_Ryan Bagwell_____                         JESSIE K. LIU
444 Upham Street                                   UNITED STATES ATTORNEY
Melrose, MA 02176                                  D.C. BAR NUMBER 472845
(608) 466-6195
Email: ryan@ryanbagwell.com                        DANIEL F. VAN HORN, D.C. Bar No. 924092
                                                   Chief, Civil Division
*Pro se Plaintiff*
                                                   /s/ *Rhonda L. Campbell*
                                                   RHONDA L. CAMPBELL, D.C. Bar No. 462402
                                                   Assistant United States Attorneys
                                                   Civil Division
                                                   555 4th Street,N.W.
                                                   Washington, D.C. 20530
                                                   (202) 252-2559
                                                   Rhonda.campbell@usdoj.gov

                                                   *Counsel for United States*