## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN BAGWELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-cv-00531 (CRC) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S MOTION TO ESTABLISH A BRIEFING SCHEDULE

Plaintiff Ryan Bagwell hereby moves the Court to establish a briefing schedule for a

partial summary judgment motion that addresses Defendant's recent position that certain records

are not responsive to Plaintiff's Freedom of Information Act (FOIA) request. In support thereof,

Plaintiff states the following:

1.      Plaintiff's FOIA request seeks "access to any and all records of investigations

between November 1, 2011 and [April 30, 2014] that pertain to allegations of child sexual abuse

that occurred on the campus of The Pennsylvania State University."

2.      After deciding various threshold issues in this case, the Court ordered the

government to produce all responsive, non-exempt information by May 1, 2017 (see Minute

Order dated October 27, 2016).

3.      Despite this order, on June 16, 2017, the government informed the Court it

inadvertently failed to process approximately 260,800 pages of records that were located and

identified as potentially responsive to Plaintiff's FOIA request (see ECF No. 46).

4.      The 260,800 pages of "inadvertently overlooked" documents were obtained by the government pursuant to grand jury subpoenas. Those records consist of:

- 249,000 pages of documents produced by Penn State University;

-  9,500 pages of documents produced by financial institutions;

- a 2-page list of deceased persons under the age of 25;

- 1,800 pages of information from the Governor's Office of Budget;

- four pages of documents produced by Google pursuant to a federal grand jury subpoena.

- 32 pages from the filing cabinets of a third-party individual located at Penn State, and;

- 290 pages of documents produced by the Office of Personnel Management

(see Declaration of D. Brian Simpson ¶ 10-22 attached to Defendant's Motion to Stay, ECF No. 46).

5.      Plaintiff believes, and therefore avers, that all of the above-listed documents were obtained as part of a particular investigation that began sometime in November 2011 and looked at allegations that former PSU football coach Gerald Sandusky abused one or more youths on PSU's campus.

6.      Therefore, all of the above-listed records are responsive to Plaintiff's FOIA request.

7.      On April 25, 2018, the Court ordered the government to process the inadvertently overlooked records by April 25, 2019 and make rolling productions every 60 days (see Minute Order issued April 25, 2018).

8.      On June 25, 2018, EOUSA provided Plaintiff with its first release. No records were provided. Instead, the agency stated that records from the Pennsylvania Governor's Office of Budget and "[p]ortions of USAO-MDPA IO Records" were not responsive to Plaintiff's FOIA request (Exhibit A).

9.      Because records from the Pennsylvania Governor's Office of Budget were obtained during the course of an investigation into child sexual abuse on PSU's campus, they are clearly responsive to Plaintiff's FOIA request and must be provided to Plaintiff unless otherwise proven exempt from disclosure.

10.     Due to Defendant's inaccurate conclusion that some of the "inadvertently overlooked" documents are not responsive to Plaintiff's FOIA request, it is reasonable to assume that Defendant will determine that additional pages of the "inadvertently overlooked" documents are also not responsive while it completes its production duties over the course of the next 10 months.

11.     It is in the interest of judicial economy to settle the threshold issue of responsiveness at this time. Waiting to resolve this issue until after Defendant completes its production duties would serve no legitimate purpose and likely result in additional, avoidable delays while Defendant re-processes records it previously averred were not responsive.

12.     Therefore, Plaintiff asks the Court to establish an expedited briefing schedule that addresses Defendant's conclusion that the "inadvertently overlooked" records may be considered not responsive to Plaintiff's FOIA request.

13.     Defendant's counsel is unavailable through June 29, 2018 and is unable to provide a position on this motion.

Respectfully submitted,


_____/s/_____
RYAN BAGWELL
444 Upham St.
Melrose, MA 02176
ryan@ryanbagwell.com
(608) 466-6195