UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN BAGWELL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:15-cv-531 (CRC) |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE | ) |
| | ) |
| Defendant. | ) |

## **THE PARTIES' JOINT STATUS REPORT**

Defendant, the U.S. Department of Justice ("DOJ"), by and through its undersigned counsel, and Plaintiff, Ryan Bagwell ("Plaintiff"), pursuant to the Court's June 13, 2019 and September 24, 2019, Orders as follows:

As an initial matter, the parties are in receipt of this Court's September 24, 2019, Minute Order stating that the parties missed a Court ordered deadline to file a status report within a week of the June 13, 2019, Status Hearing. The parties respectfully submit that they have reviewed the docket in this case, and the parties did not see an order for submission of a joint report within a week of June 13, 2019.

Second, the parties have been in compliance with this Court's order to meet and confer to further narrow search terms. Indeed, on June 13, June 19, June 26, July 1, July 16, and August 2, 2019, the parties discussed narrowing the search terms. Moreover, on June 19, June 20, June 26, June 27, June 28, July 16, and September 20, 2019, EOUSA and undersigned counsel conducted internal discussions after EOUSA consulted with its components. Accordingly, the parties have been in compliance with this Court's orders.

**Defendant's Statement**

EOUSA has given significant resources to the processing of Plaintiff's request and litigation. The final scope of narrowing has been helpful in terms of the number of records to process for the inadvertently overlooked records in Bagwell II. However, the request in its entirety is overly burdensome to the Department. At one point in the processing, every paralegal in EOUSA was halted from their other FOIA assignments and assigned to work on the processing for this case. *See* ECF No. 46-2.

Given the increase in the backlog of requests and in litigation cases, EOUSA does not have the resources to maintain the processing speed requested by Plaintiff. EOUSA currently has approximately 170 cases in litigation, and approximately 2,400 requests in our backlog. Many of the litigation cases are under production schedules. EOUSA estimates two (2) years for production of the inadvertently overlooked records in Bagwell II. A production schedule that is more aggressive than that will certainly result in an increase in EOUSA's backlog and more litigation cases being filed with this Court is probable. EOUSA recommends that it continue with bi-monthly releases and status reports.

Defendant agrees with Plaintiff's additional details (Nos. 1-5) below.

**Plaintiff's Statement**

The parties' efforts to reduce the number of so-called "inadvertently overlooked records" have resulted in 11,648 pages that will be reviewed for potential release, far less than the 158,405 documents that were in the original set. Details of the parties' efforts are described more fully below.

As the Court may recall, in July 2018, the government committed to processing 158,405 documents in one year. Now, the government is proposing to process a fraction of that amount in

double the time. In addition, the government will have to process the so-called "remand records" after it has finished processing the "inadvertently overlooked records," which it previously said would take an additional year. At this rate, it will take at least three more years to bring this litigation to an end.

For those reasons, Plaintiff believes the government should process the 11,648 remaining pages in six months, a rate of approximately 2,000 pages per month.

Additionally, for the Court's information, Plaintiff wishes to provide the following details of the parties' discussions.

1. Immediately following the June 13, 2019 hearing, the parties began to discuss potential ways to narrow the record set. Agency counsel provided an overview of the types of documents available, which proved helpful.

2. On June 19, 2019, Plaintiff narrowed the universe of records to emails and attachments sent or received during a 15 month period of time.

3. On July 16, 2019, the government informed Plaintiff that 86,561 pages would have to be processed using the narrowed criteria.

4. On August 2, 2019, Plaintiff asked the government to further narrow the criteria to emails that contained the names of 10 individuals.

5. On September 24, 2019, hours before the Court ordered the parties to provide a status report, the government informed Plaintiff that 11,648 pages would have to be processed and that EOUSA plans to release some documents in this month.

Dated: October 1, 2019                    Respectfully submitted,


_____/s/_Ryan Bagwell_____       JESSIE K. LIU
444 Upham Street                          UNITED STATES ATTORNEY
Melrose, MA 02176                         D.C. BAR NUMBER 472845
(608) 466-6195
Email: ryan@ryanbagwell.com               DANIEL F. VAN HORN, D.C. Bar No. 924092
                                          Chief, Civil Division
*Prose Plaintiff*
                                          /s/ *Rhonda L. Campbell*
                                          RHONDA L. CAMPBELL, D.C. Bar No. 462402
                                          Assistant United States Attorneys
                                          Civil Division
                                          555 4th Street, N.W.
                                          Washington, D.C. 20530
                                          (202) 252-2559
                                          Rhonda.campbell@usdoj.gov

                                          *Counsel for United States*