**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| Originally Referred Records – Response – April 2021 | | |
| PSU_MDPA_000280113, PSU_MDPA_000281859, PSU_MDPA_000282000 | Email discussions between USAO-MDPA prosecutors and Department of Education regarding potential criminal and civil Cleary Act enforcement; and witness interviews.<br><br>Withheld pre-decisional discussion about criminal and civil penalties to PSU, third party identifying information . Government personnel are working to determine which civil and criminal penalties will be sought under the Cleary Act. | Withheld in Part<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282815 | Third party email to FBI regarding Penn State providing information on potential wrongdoing.<br><br>Withheld all third party information provided in email including additional 3rd party names, contact information, and accusations of wrongdoing. | Withheld in Full<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282847 | Email chain between FBI and USAO-MDPA regarding grand jury subpoenas and discussion on how to handle media inquiries. | Withheld in Part<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000646591 | Email chain between Archer & Greiner PC, USAO_MDPA prosecutors, and FBI discussing Second Mile.<br><br>Withheld 3rd party information including information about 3rd party whereabouts and interview scheduling. | Withheld in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| **Response – December 2019/April 2021 Supplemental Response** | | |
| | Third party emails obtained via Grand Jury Subpoena narrowed to search terms of 10 third party individual names. | Withheld in Full<br><br>(b)(3)<br><br>Exemption (b)(3) incorporates other nondisclosure provisions that are contained in other statutes.  Exemption 3 protect from disclosure information prohibited from disclosure by another federal statute provided the statue either (A) requires that the matter be withheld from the public in such a manner as to leave no discretion on the issue; or B) establishes particular criteria for withholding or refers to particular types of matters to be withheld<br><br>Federal Rules of Criminal Procedure 6(e) – Prohibition Against Disclosure of Records Related to Matters Occurring Before the Grand Jury. Releasing any information to plaintiff would run the risk of piercing the grand jury cloak of secrecy by revealing information contemplated by the determining body. Harm would be caused by |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | release because it would hinder compliance with grand jury subpoenas. (b)(6) and (b)(7)(C) – Privacy Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. (b)(7)(D) – Confidential Source Exemption (b)(7)(D) is intended to protect information from confidential sources and those who provided information to the government under implied confidentiality. Release would harm the government in obtaining information from outside entities. |
| Response – October 2020 ||| 
| PSU_MDPA_000281861 – PSU_MDPA_000281862 | Email chain between USAO-MDPA prosecutor and an official from the US Postal Inspection Service | Withheld in Full (b)(5) – Attorney Work Product & Deliberative Process |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | Withheld intra-agency discussion discussing the possibility of issuing subpoenas for a 3rd party individual to locate specific original documents. Prosecutors are discussing whether or not to issue a subpoena to the third party. | Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the DOJ's strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants. .<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |

# VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| PSU_MDPA_000281865 | Email chain between federal prosecutors and Department of Education<br><br>Withheld intra-agency discussions regarding the Department of Education's draft report regarding PSU's compliance with the Cleary Act. Government employees are discussing whether there should be changes to the report. | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282012 | Email chain between federal prosecutors and US Postal Inspection Service<br><br>Withheld intra-agency discussion strategizing on what information should be exchanged with PSU at that point in the investigation. Prosecutors are seeking suggestions from the USPIS. | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282014 | Email Chain between federal prosecutors and US Postal Inspection Service regarding a disclosure provided by PSU<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions. Government personnel are deciding which direction they should take the prosecution based on the disclosure. | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282015 | Email Chain between federal prosecutors and US Postal Inspection Service regarding strategy for the case, specific third parties' roles, and whether to call a specific 3rd party to appear before the grand jury.<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282016 | Email Chain between federal prosecutors and department of education discussing potential warrants

Withheld intra-agency pre-decisional discussions regarding the nature and scope of potential warrants and the type of information federal investigators hoped to obtain through that avenue, if the decision was made to move forward | Withheld in Full

(b)(5) – Attorney Work Product & Deliberative Process

Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | circumvention of the law by future defendants. . (b)(6) and (b)(7)(C) – Privacy Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282020 | Email between federal prosecutors in the USAO-MDPA and Criminal Divisions of DOJ Withheld interagency discussion regarding investigation and potential waivers from PSU. Discussing options for prosecutors should PSU waive certain rights. | Withheld in Full (b)(5) – Attorney Work Product & Deliberative Process Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282038 | Email chain between USAO-MDPA, USPIS, and the FBI concerning Second Mile<br><br>Withheld intra-agency discussion regarding the potential pursuit of additional charges and the approvals needed to interview specific witnesses between the agencies. Government personnel discussing if they have necessary fact and circumstances for specific approvals sought. | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282039 | Email discussion between USAO-MDPA and the FBI<br><br>Withheld interagency discussion on how to handle non-compliance of subpoena issue | Withheld in Full<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282042 | Email Discussion between USAO-MDPA & Criminal Division regarding PSU<br><br>Withheld interagency pre-decisional discussion regarding a potential waiver of privilege from PSU, and how prosecutors | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
|  | would move forward if PSU waived privilege. | and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282044 | Email discussions between USAO-MDPA prosecutors | Withheld in Full |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | Withheld interagency deliberative communication discussing whether USAO-MDPA will work with state prosecutors in interviewing specific witnesses, and the identification of those 3rd party witnesses | (b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to |

VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282061, PSU_MDPA_000282063 | Email Discussions between USAO-MDPA, Department of Education, and US Postal Inspection Service<br><br>Withheld intra-agency deliberation regarding grand jury testimony of specified third party witnesses, next steps for the investigation as a whole and for matters concerning 4 different 3rd party individuals, and Pre-decisional discussion surrounding interviewing witnesses<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. here is no public interest that outweighs the privacy interest identified here. |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282065, PSU_MDPA_000282067, PSU_MDPA_000282070, PSU_MDPA_000282074 | Email discussion between USAO-MDPA, FBI, and US Postal Inspection Service<br><br>Withheld pre-decisional intra-agency discussions regarding an additional angle for the investigation and potential agencies that would need to be included. | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282486, PSU_MDPA_000282503 | Email discussion chain between USAO-MDPA and FBI regarding Second Mile<br><br>Withheld pre-decisional communication regarding a potential victim's allegations and strategy on how federal investigators should handle, including what information investigators need to potentially seek. | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | could encourage circumvention of the law by future defendants. (b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282521 | Emails between USAO-MDPA attorneys regarding approval needed from Criminal Division<br><br>Withheld USAO-MDPA criminal approval application and recommended changes for agency approvals | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | harming the ability of DOJ employees to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282533, | Email discussion chain between USAO-MDPA and FBI<br><br>Withheld interagency communication regarding the strategy and direction of the investigation | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282592, PSU_MDPA_000282730 | Email discussion chain between USAO-MDPA and FBI<br><br>Withheld interagency communication regarding the strategy and direction of the investigation | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282819 | Email discussion between USAO-MDPA and USPIS about potential subpoena requests<br><br>Withheld interagency communications discussing | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | investigation leads and subpoena requests | intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants. <br><br> (b)(6) and (b)(7)(C) – Privacy <br><br> Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282845, PSU_MDPA_000282849 | Email chain between USAO-MDPA prosecutors regarding | Withheld in Full |

# VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | direction of investigation and the potential use of 3rd party investigation tools<br><br>Withheld intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | (b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282851 | Email discussion between USAO-MDPA and USPIS regarding potential unauthorized release of information<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282852, PSU_MDPA_000282855 | Email discussions between USAO-MDPA & FBI<br><br>Withheld discussions regarding investigation developments and the strategy at that point in the investigation | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282931 | USAO-MDPA<br><br>Withheld grand jury subpoena breakdown and instructions regarding the service of the grand jury subpoena | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282934 | Email communication between USAO-MDPA and USPIS regarding a Penn State subpoena<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants. <br><br> (b)(6) and (b)(7)(C) – Privacy <br><br> Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000283065, PSU_MDPA_000283076, PSU_MDPA_000283078 | Email communication between USAO-MDPA and USPIS regarding suggested changes to preservation letters and subpoenas <br><br> Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Withheld in Full <br><br> (b)(5) – Attorney Work Product & Deliberative Process <br><br> Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000283067, | Email communication between USAO-MDPA prosecutors regarding victim interviews<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the DOJ's strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000283070, PSU_MDPA_000283073 | Email communication between USAO-MDPA and USPIS regarding potential statutes to criminally charge individuals<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | and strategy regarding the investigation and potential prosecutions | and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000283085 | Email between USAO-MDPA prosecutors regarding direction of investigation | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | Withheld intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |

# VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| PSU-MDPA-000284695 | Email exchange between Department of Education and USAO-MDPA prosecutors regarding a draft confidential report<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000301640 | Email between USAO-MDPA prosecutors drafting legal memorandum and suggested edits<br><br>Withheld intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000302151, PSU_MDPA_000304014 PSU_MDPA_000304015, PSU_MDPA_000304901, PSU_MDPA_000304902, PSU_MDPA_000304903, PSU_MDPA_000305282 PSU_MDPA_000309156, PSU_MDPA_000309157, PSU_MDPA_000309225, PSU_MDPA_000309369, PSU_MDPA_000309533, PSU_MDPA_000309564 | Emails between USAO-MDPA prosecutors discussing case details, individuals of interest to interview and bring before the grand jury<br><br>Withheld intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000305274, PSU_MDPA_000309388, PSU_MDPA_000309391, PSU_MDPA_000309449, | Email between USAO-MDPA prosecutors and Criminal Division of DOJ regarding grand jury disclosure and draft memoranda<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants. |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | (b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000305571 | Email surrounding federal grand jury subpoena response<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000309148 | Emails between USAO-MDPA and Department of Education discussing possible Clery Act violations<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000309499 | Emails between USAO-MDPA and the FBI regarding potential PSU waivers<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000309501, PSU_MDPA_000309503, PSU_MDPA_000309569, PSU_MDPA_000309572 PSU_MDPA_000309576, PSU_MDPA_000309579 | Email between USAO-MDPA, USPIS, and FBI regarding investigation developments<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation and potential prosecutions | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000309535, PSU_MDPA_000309555, PSU_MDPA_000309558 | Emails between USAO-MDPA and Criminal Division regarding potential PSU waivers and the case trajectory<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | investigation and potential prosecutions | by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000310077, PSU_MDPA_000310078 | Emails between USAO-MDPA prosecutors regarding potential subpoena issues that require approval | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation for potential prosecutions, and 3rd party information | Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| PSU_MDPA_000310079 | Emails between USAO-MDPA prosecutors regarding potential Clery Act violations<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation for potential prosecutions, and 3rd party information | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000310153 | Emails between USAO_MDPA, USPIS, and FBI regarding Victims<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation for potential prosecutions, and 3rd party information | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. |

VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000310188 | Emails between USAO-MDPA and USPIS drafting a memo and discussing interviewees<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation for potential prosecutions, and 3rd party information | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000310193 | Email between USAO-MDPA prosecutors regarding the direction of the investigation and potential prosecutions<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation for potential prosecutions, and 3rd party information | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants. |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | (b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000310309 | USAO-MDPA email pertaining to grand jury disclosure<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation for potential prosecutions, and 3rd party information | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy.<br><br>(b)(3)<br><br>Exemption (b)(3) incorporates other nondisclosure provisions that are contained in other statutes.  Exemption 3 protect from disclosure information prohibited from disclosure by another federal statute provided the statue either (A) requires that the matter be withheld from the public in such a manner as to leave no discretion on the issue; or B) establishes particular criteria for withholding  or refers to particular types of matters to be withheld<br><br>Federal Rules of Criminal Procedure 6(e) – Prohibition Against Disclosure of Records |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | Related to Matters Occurring Before the Grand Jury |
| PSU_MDPA_000310321 | Emails between USAO-MDPA prosecutors discussing comparable cases and issues that may need consideration during the PSU investigation. <br><br> Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation for potential prosecutions, and 3rd party information | Withheld in Full <br><br> (b)(5) – Attorney Work Product & Deliberative Process <br><br> Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants. <br><br> (b)(6) and (b)(7)(C) – Privacy <br><br> Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000310329 | Emails between USAO-MDPA prosecutors discussing potential interviews pertinent to the investigation.<br><br>Withheld intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation for potential prosecutions, and 3rd party information | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000310368, PSU_MDPA_000310492, PSU_MDPA_000400713 | Emails between USAO-MDPA, FBI, and USPIS regarding investigation updates and developments.<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation for potential prosecutions, and 3rd party information | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000310501, PSU_MDPA_000310502 | Email between USAO-MDPA personnel seeking guidance on handling particular issues that come up as the investigation unfolds.<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation for potential prosecutions, and 3rd party information | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000310570,<br>PSU_MDPA_000310624,<br>PSU_MDPA_000310626,<br>PSU_MDPA_000310709,<br>PSU_MDPA_000356014,<br>PSU_MDPA_000356025,<br>PSU_MDPA_000375075,<br>PSU_MDPA_000384997,<br>PSU_MDPA_000388492 | Emails between USAO-MDPA regarding subpoenas, and further investigative updates and case strategy, potential witnesses<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation for potential prosecutions, and 3rd party information | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000310701 | Emails between USAO-MDPA & USPIS discussing case strategy and potential sources for information to move investigation forward<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation for potential prosecutions, and 3rd party information | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000339549, PSU_MDPA_000339560, PSU_MDPA_000342466, PSU_MDPA_000344120 PSU_MDPA_000365223 | Email between USAO-MDPA & Department of Education Discussing case developments and individual statements, Cleary Act Investigation developments<br><br>Withheld inter-agency and intra-agency discussions, mental impressions, and legal analysis and strategy regarding the investigation for potential prosecutions, and 3rd party information | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000281999 | Email between Duane Morris LLP & USAO-MDPA regarding production of records<br><br>Withheld 3rd party information and confidential password regarding encrypted documents | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282004, PSU_MDPA_000282009 | Emails between McShea Law Firm & USAO regarding their client witness<br><br>Withheld 3rd party client details, grand jury witness status. | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282024 | Email chain with 1st email from Duane Morris LLP & USAO-MDPA; 2nd email between USAO-MDPA and Criminal Division DOJ<br><br>Withheld all 3rd party information and government legal impression of federal personnel. Exemption (b)(5) only applied to 2nd email. | Released in Part<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants. |
| | | (b)(6) and (b)(7)(C) – Privacy |
| | | Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282027, PSU_MDPA_000282028 | Email chain with 1st email from Duane Morris LLP & USAO-MDPA; emails between USAO-MDPA discussing interviewees during the investigation<br><br>Withheld 3rd party names and information | Release in Part<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282035<br>PSU_MDPA_000282036<br>PSU_MDPA_000310554 | Emails between USAO-MDPA, FBI, Department of Education, & USPIS regarding meetings schedules<br><br>Withheld 3rd party names and information, and law enforcement names and direct contact information | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282068 | Email between USAO-MDPA, FBI, Department of Education, & USPIS (bottom portion duplicate)<br><br>Withheld law enforcement names | Release in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282494, PSU_MDPA_000282516 | Email between USAO-MDPA & FBI regarding public article and what information could mean for the investigation<br><br>Withheld government personnel mental impressions regarding the interview in relation to the case | Released in Part<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282590 | Emails between USAO-MDPA, USPIS, and FBI discussing the latest development in the investigation | Released in Part<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000282858 | Email chain between USAO-MDPA & USPIS discussing a case development and scheduling meeting | Released in Part<br><br>(b)(5) – Attorney Work Product & Deliberative Process |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | Withheld government personnel mental impression and legal analysis | Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| PSU_MDPA_000284598 | Emails between USAO-MPDA & Department of Education scheduling meeting<br><br>Withheld government personnel names & direct contact information | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000285128, PSU_MDPA_000286123, PSU_MDPA_000286125, PSU_MDPA_000286128, PSU_MDPA_000356014 | Email from 3rd party to USAO-MDPA regarding blog posts and other information they wanted to relay to prosecutors; discussion between prosecutors on the information provided and if it had any bearing on the case.<br><br>Withheld all 3rd party information and 3rd party informant direct contact information; mental impressions and legal analysis of prosecutors. | Released in Part<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation. Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000291583, PSU_MDPA_000291638 | Email between USAO-MDPA prosecutors regarding meeting with Department of Education<br><br>Withheld mental impressions of government personnel | Released in Part<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants. <br><br> (b)(6) and (b)(7)(C) – Privacy <br><br> Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000291665 | Email between USAO-MDPA regarding article <br><br> Withheld deliberative inquiry and government personnel direct information | Released in Part <br><br> (b)(5) – Attorney Work Product & Deliberative Process <br><br> Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants. (b)(6) and (b)(7)(C) – Privacy Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
| --- | --- | --- |
| PSU__MDPA_000300511 | Email between USAO-MDPA regarding article that alludes to possible leak<br><br>Withheld government personnel direct information | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000304899 | Email chain between USAO-MDPA following media inquiry<br><br>Withheld government personnel mental impression and analysis; 3rd party information | Released in Part<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000306929, PSU_MDPA_000310372 PSU_MDPA_000626783 | Emails between Freeh Group & USAO-MDPA<br><br>Withheld 3rd party names & identifying information | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000309158 | Email between USAO-MDPA regarding PSU | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | Withheld 3rd party direct information | Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000309226 PSU_MDPA_000309450, PSU_MDPA_000309562, PSU_MDPA_000309993, PSU_MDPA_000309996, PSU_MDPA_000310082, PSU_MDPA_000310184, PSU_MDPA_000310205, PSU_MDPA_000310224, PSU_MDPA_000310230, PSU_MDPA_000310287, PSU_MDPA_000310304, PSU_MDPA_000310370, PSU_MDPA_000310482, PSU_MDPA_000310581, PSU_MDPA_000310616, PSU_MDPA_000310620, PSU_MDPA_000310621, PSU_MDPA_000311490, PSU_MDPA_000334669, PSU_MDPA_000344025, PSU_MDPA_000369452, PSU_MDPA_000387517, PSU_MDPA_000395962, PSU_MDPA_000400719, PSU_MDPA_000496277 | Emails between USAO-MDPA, USPIS, FBI, and/or DOJ personnel regarding film information, or media articles Withheld government personnel/law enforcement direct information | Released in Part (b)(6) and (b)(7)(C) – Privacy There is harm in releasing law enforcement personnel information due to the nature of their duties. Release of their information would put them at risk of harassment and undue harm. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| PSU_MDPA_000309452 PSU_MDPA_000309497, PSU_MDPA_000309581 | Emails between Duane Morris LLP & USAO-MDPA, FBI, and/or USPIS<br><br>Withheld information relating to 3rd parties and law enforcement personnel direct information | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000309609 | Email between government personnel regarding meeting schedules<br><br>Withheld government personnel direct information | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000310081 | Email between USAO-MDPA regarding PSU/Clery Act Articles<br><br>Withheld government personnel mental impressions and case discussion. | Released in Part<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000310307, PSU_MDPA_000310507 | Emails between USAO-MDPA, FBI & Duane Morris LLP regarding grand jury subpoena response<br><br>Withheld 3rd party information and law enforcement information | Release in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000310487 | Email between USAO_MDPA converting a letter to or from Duane Morris into a WDP document<br><br>Withheld government personnel information | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000311491,<br>PSU_MDPA_000311649 | Emails between various parties and USAO-MDPA regarding media articles | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | |
| PSU_MDPA_000350513 | Email between Pennlive & USAO-MDPA regarding interview request response<br><br>Withheld 3rd party information | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000371485 | Emails between USAO-MDPA regarding a media request and the response<br><br>Withheld government personnel and 3rd party names | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000502182 | Emails between USAO-MDPA regarding the investigation and potential legal violations | Withheld in Full<br><br>(b)(5) – Attorney Work Product & Deliberative Process |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | Withheld government personnel mental impressions and legal analysis of the facts and legal issues surrounding the investigation | Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants. |
| PSU_MDPA_000502186 | Email between USAO-MDPA, FBI, and USPIS circulating the Freeh Report<br><br>Withheld law enforcement names and contact information | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000552208, PSU_MDPA_000552222, | Email between PA Attorney General Office and USAO- | Released in Part |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| PSU_MDPA_000748008, PSU_MDPA_000748804 | MDPA regarding a 3rd party witness & meeting<br><br>Withheld 3rd party identifying information | (b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000552209 | Emails between McShea Law Firm and USAO-MDPA regarding scheduling meetings and scheduling client as grand jury witness | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy.<br><br>(b)(3)<br><br>Exemption (b)(3) incorporates other nondisclosure provisions that are contained in other statutes.  Exemption 3 protect from disclosure information |

## VAUGHN INDEX – EOUSA

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | prohibited from disclosure by another federal statute provided the statue either (A) requires that the matter be withheld from the public in such a manner as to leave no discretion on the issue; or B) establishes particular criteria for withholding or refers to particular types of matters to be withheld<br><br>Federal Rules of Criminal Procedure 6(e) – Prohibition Against Disclosure of Records Related to Matters Occurring Before the Grand Jury. |
| PSU_MDPA_000552211 | Email between USAO-MDPA discussing administrative matter relating to case.<br><br>Withheld law enforcement names | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000552228, PSU_MDPA_000552237, PSU_MDPA_000552242, PSU_MDPA_000646501, PSU_MDPA_000646519, PSU_MDPA_000646560, PSU_MDPA_000646562, PSU_MDPA_000646563, PSU_MDPA_000646565, PSU_MDPA_00064657. PSU_MDPA_000646671 | Emails between USAO-MDPA & Archer & Greiner PC and/or Duane Morris regarding 3rd party client meeting(s) with federal investigators & proffer letters<br><br>Withheld 3rd party identifying information | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000646568 PSU_MDPA_000646575 PSU_MDPA_000646579 | Email between USAO-MDPA and FBI and/or USPIS regarding 3rd party interviews<br><br>Withheld 3rd party identifying information | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |
| PSU_MDPA_000646879 | Email from attorney notifying USAO-MDPA of 3rd party client representation<br><br>Withheld all 3rd party information | Released in Part<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information would not reveal the operations or activities of the federal government but instead would expose those individuals to |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | unwarranted invasion of their personal privacy. |
| PSU_MDPA_000647190 | Emails between USAO-MDPA, FBI and USPIS regarding 2nd mile<br><br>Withheld government personnel mental impressions, law enforcement names, and 3rd party information | Released in Part<br><br>(b)(5) – Attorney Work Product & Deliberative Process<br><br>Exemption (b)(5) – attorney work product privilege is intended to protect documents and other memoranda prepared by an attorney in contemplation of litigation.  Harm would be caused under deliberative process to AUSAs in carrying out DOJ's mission and government employee's ability to have frank discussion on pre-decisional matters. Release would cause harm under attorney work product privilege because it would publicly reveal the agencies strategy to criminal and civil investigations, thereby harming the ability of federal agencies to carry out the agency mission and enforce the law. Release of prosecution strategy could encourage circumvention of the law by future defendants.<br><br>(b)(6) and (b)(7)(C) – Privacy<br><br>Harm of releasing third party identities and information in connection with sexual abuse crimes. There is no public interest that outweighs the privacy interest identified here. Disclosure of the information |

**VAUGHN INDEX – EOUSA**

*Ryan Bagwell v. U.S. Department of Justice, Civil Action No. 15-0531 (CRC)*

| BATES NUMBER | DESCRIPTION | EXEMPTION STATUS |
|---|---|---|
| | | would not reveal the operations or activities of the federal government but instead would expose those individuals to unwarranted invasion of their personal privacy. |